HILDA LUBOWITZ *vs.* BENJAMIN J. TAINES.

Essex.   November 4, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Husband and Wife.   Actionable Tort.*

A wife cannot maintain an action against her husband for negligence, though the cause of action arose, and the action was brought, before their marriage.

TORT.   Writ dated September 2, 1932.

The plaintiff alleged an exception to an order in the Superior Court by *Dillon*, J., dismissing the action.

*H. W. Sullivan*, (*R. E. Casey* with him,) for the plaintiff.
*D. H. Fulton*, for the defendant.

CROSBY, J.   The plaintiff, while a passenger in an automobile operated by the defendant, was injured as a result of a collision with another automobile.   She brought an action against the defendant claiming gross negligence. Before the case was reached for trial the plaintiff married the defendant.   After the jury was impaneled it was agreed by counsel in open court that the plaintiff had married the defendant, whereupon the defendant filed a motion to dismiss the action.   The motion was allowed and the plaintiff excepted.

G. L. (Ter. Ed.) c. 209, § 6, provides: "A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife."   The rights of married women respecting the making of contracts and the maintenance of actions thereunder, including the right to bring actions of tort, have been greatly enlarged by statute subject to the limitations whereby contracts and actions at law between husband and wife are not permitted.   *Nolin* v. *Pearson*, 191 Mass. 283.   *Gahm* v. *Gahm*, 243 Mass. 374, and cases therein cited.   In the case of *Lord* v. *Parker*, 3 Allen, 127, it was held that a married woman could not form a partner-

ship with her husband, and was not liable upon a promissory note given by a firm of which, by partnership articles, she and her husband agreed to be members. It was said by this court in that case at page 130: "How such suits could be conducted, with the incidents in respect to discovery, the right of parties to testify, and to call the opposite party as a witness, without interfering with the rule as to private communications between the husband and wife, it is not easy to perceive. . . . We cannot suppose that an alteration in the law involving such momentous results, and a change so radical, could have been contemplated by the legislature, without a much more direct and clear manifestation of its will." Cases where a married woman has been allowed to assign to others after the death of her husband contract rights against the husband, are not pertinent in considering rights of action for tort between husband and wife. In *Butler* v. *Ives*, 139 Mass. 202, where a husband advanced money to his wife for the benefit of her separate estate, and she made a promissory note payable to A or bearer and executed to A as security therefor a mortgage on land, and A assigned the mortgage to the husband and delivered the note to him, and afterwards during the life of the wife the husband assigned the note and mortgage to B who entered to foreclose and brought a writ of entry, against a person claiming under the wife, to recover possession of the land, it was held by this court that the writ could be maintained. In discussing the statute (G. L. c. 209, § 6) in the case of *Cassidy* v. *Constantine*, 269 Mass. 56, it was held that a wife is entitled, in an action of tort for personal injuries sustained by her, to recover damages based on future probable medical expenses, and that she is denied recovery for past expenses unless she can prove that she paid them or was liable therefor. It was said in *Gottliffe* v. *Edelston*, [1930] 2 K. B. 378, that where an unmarried woman sustained injuries through a man's negligent driving, and issued a writ against him claiming damages in respect thereof, and before the trial of the action she married him, her right of action was not such a thing in action as would become

her separate property within the meaning of the married women's property act of 1882, but was barred by the general disability of husband and wife to sue each other for a tort. In that case, at page 381, the court said: "First, that the plaintiff and the defendant are living happily together on friendly terms as man and wife. Secondly, that the explanation of the continuance of this action by wife against husband is to be found in the modern practice of insuring against motor accidents." The same result was reached in *Buckeye* v. *Buckeye*, 203 Wis. 248; *David* v. *David*, 161 Md. 532; *Emerson* v. *Western Seed & Irrigation Co.* 116 Neb. 180. It was said in *Maine* v. *James Maine & Sons Co.* 198 Iowa, 1278, at page 1279: "The occasion for a controversy of this character between parties so related and associated may be found in the fact, shown in evidence, that the appellant company carried a policy protecting it against liability for damages caused by the automobile in question." See cases collected in 30 C. J., pages 714 and 955. While at this time a wife may bring suit against her husband for various causes of action, she is not permitted to maintain an action against him for negligence.

As the trial judge rightly allowed the defendant's motion to dismiss the action the entry must be

*Exceptions overruled.*