Hillsborough, }
Feb. 1, 1938. }

MARJORIE D. MILTIMORE *v.* MILFORD MOTOR CO. *& a.*

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Devine & Tobin* and *Irving H. Kennedy* (*Mr. Tobin* orally), for the defendants.

PAGE, J. The evidence, taken most favorably for the plaintiff, could be found to establish the following facts. On the seventh day of May, 1933, the defendant Miltimore was in the employ of the defendant company as an automobile-salesman in Milford, New Hampshire, where he resided. At the direction of the company he that day drove one of the company's cars into the Commonwealth of Massachusetts, in an attempt to locate a prospective customer. Pursuant to standing permission from the company, Miltimore

took along as guest-passengers his wife (the plaintiff) and their two children.

The Miltimores had the intention, after interviewing the customer, of proceeding to Boston and leaving one of the children there. But before they undertook this enterprise, and while Miltimore was still driving the automobile in Massachusetts in the course of his employment for the company in search of the customer, Miltimore felt drowsy, but continued to drive and fell asleep. In consequence the car went out of control, crossed the middle line of the highway and collided with another car. As a result the plaintiff suffered the injuries complained of. She herself was asleep at the moment of the collision, and she had been sleeping without knowledge of what was going on during the last half-mile or so of the progress of the defendant's car.

The plaintiff and her husband took their marital status into the Commonwealth of Massachusetts, but "the incidents of that status are those prescribed by the law of the place where the transactions take place." Though by the law of the forum the wife's incapacity to recover for the tort of her husband has been abolished, the *lex loci delicti* must determine her right to recover in the present action against her husband. *Gray* v. *Gray*, 87 N. H. 82. Since that law does not permit her to recover from her husband (*Lubowitz* v. *Taines*, 198 N. E. Rep. 320), a verdict was properly directed for the defendant Miltimore.

However, the law of Massachusetts permits the wife to recover from her husband's employer in such case, even though she cannot recover from her husband. *Pittsley* v. *David*, 11 N. E. Rep. (2d), 461. Upon the authority of the case just cited, the plaintiff cannot rely upon her husband's breach of the law of the road, but is restricted to her claim that he was grossly negligent. The question of the sufficiency of the evidence to warrant a finding of gross negligence was neither briefed nor argued. The defendant having waived it, we do not consider it. *Sunapee Dam Corporation* v. *Alexander*, 87 N. H. 397, 403.

The defendant has not, however, waived the question of the plaintiff's contributory negligence. The mere fact that the plaintiff went to sleep does not bar recovery. *Button* v. *Crowley*, 284 Mass. 308. The jury might have found that the cause of the plaintiff's going to sleep, and of the husband's sleeping also, was an insufficient supply of air in the car. In view of the husband's superior responsibility for the management of the car, we think that it was for the jury to

decide whether due care under the circumstances required the plaintiff to foresee that her husband would fall asleep, also whether it required her, when she became drowsy, to open the windows or to insist upon her husband's doing so.

*Judgment for the defendant Miltimore:*
*new trial as to the defendant corporation.*

All concurred.