PAULINE C. COSTER, Appellant, *v.* O. DELANCEY COSTER, Respondent.

Argued December 7, 1942; decided January 14, 1943.

*Watson Washburn* and *Royal E. Mygatt* for appellant. Respondent has failed to meet the burden of proving any controlling Massachusetts rule of law applicable to this case. (*Lubowitz* v. *Taines*, 293 Mass. 39; *Johnson* v. *Johnson*, 303 Mass. 204.) Respondent is insured against injuries to appellant, who was not his spouse at the time of the accident, and consequently was not subject to the exception from coverage of injuries to spouses provided in subdivision 3 of section 167 of the Insurance Law (Cons. Laws, ch. 28). (*Mertz* v. *Mertz*, 271 N. Y. 466; *Rozell* v. *Rosell*, 281 N. Y. 106; *Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Matthews* v. *American Central Ins. Co.*, 154 N. Y. 449.) The effect of subsequent marriage depends on the law of New York, the matrimonial domicile and forum. (*Mertz* v. *Mertz*, 271 N. Y. 466; *Schubert* v. *Schubert Wagon Co.*, 249 N. Y. 253; *Leach* v. *Mason Valley Mines Co.*, 40 Nev. 143; *Phillips* v. *Eyre*, L. R. 4 Q. B. 225; L. R. 6 Q. B. 1; *Ogden* v. *Saunders*, 25 U. S. 359; *MacKenzie*

v. *MacKenzie,* 306 Mass. 291; *Levy* v. *Levy,* 309 Mass. 486; *Zwick* v. *Goldberg,* 304 Mass. 66.) The New York court having assumed jurisdiction of a valid cause of action cannot be ousted of jurisdiction by any foreign rule of law. (*Mertz* v. *Mertz,* 271 N. Y. 466; *Herzog* v. *Stern,* 264 N. Y. 379; *Davis* v. *N. Y. & N. E. R. R.,* 143 Mass. 301; *Orr* v. *Ahearn,* 107 Conn. 174; *B. & O. R. R. Co.* v. *Joy,* 173 U. S. 226; *Gordon* v. *C. R. I. & P. Ry. Co.,* 154 Iowa, 449; *Austin* v. *Pitts. C. C. & St. L. Ry. Co.,* 122 Ky. 304; *Ormsby* v. *Chase,* 290 U. S. 387.)

*Everett W. Bovard* and *Henry L. Ughetta* for respondent. The complaint was properly dismissed. (*Lubowitz* v. *Taines,* 293 Mass. 39; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99; *Buckeye* v. *Buckeye,* 203 Wis. 248; *B. & O. R. R. Co.* v. *Joy,* 173 U. S. 226; *Ormsby* v. *Chase,* 290 U. S. 387; *Pritchard* v. *Norton,* 106 U. S. 124; *Gray* v. *Gray,* 174 Atl. 508; *Dawson* v. *Dawson,* 224 Ala. 13; *Howard* v. *Howard,* 200 N. C. 574; *Newton* v. *Weber,* 119 Misc. 240.) The claimed existence of an insurance policy does not establish a cause of action for the plaintiff either under the Massachusetts or New York law. (*Lubowitz* v. *Taines,* 293 Mass. 39; *Johnson* v. *Johnson,* 303 Mass. 204; *Luster* v. *Luster,* 13 N. E. [2d] 438; *Rozell* v. *Rozell,* 281 N. Y. 106; *General Accident Fire & Life Assur. Corp.* v. *Morgan,* 33 F. Supp. 190; *Fuchs* v. *London & Lancashire Indemnity Co.,* 258 App. Div. 603; 259 App. Div. 731.)

RIPPEY, J. On September 13, 1938, Pauline C. Dansey, a resident of the State of New York, while riding as a guest in an automobile owned and operated by defendant Coster on a public highway in Massachusetts, received personal injuries arising out of a collision between Coster's car and that of one Ezon. She commenced this action against Coster and Ezon on January 16, 1939, in the Supreme Court of New York County, State of New York, to recover damages for their negligence in causing her injuries. Defendant Coster appeared and answered on February 4, 1939. On July 12, 1939, plaintiff married the defendant Coster in the city of New York and has since such marriage, as before, been a resident of the State of New York.

Pursuant to leave granted by the Special Term, defendant served a supplemental and amended answer on October 9, 1939,

in which he pleaded, among other things, as a separate and distinct defense, the marriage between him and plaintiff, that plaintiff's capacity to maintain the suit depended upon the common and statute law of Massachusetts, that the laws of that Commonwealth barred suits between husband and wife, and that her marriage to him subsequent to the happening of the accident and the commencement of suit extinguished her right to maintain the action against him. Plaintiff contends that, though the questions of the defendant's liability for negligence and her freedom from contributory negligence depend upon the law of Massachusetts, the State in which the accident happened, her capacity to sue depends upon the law of New York, the State of her residence.

Plaintiff's action against Ezon was discontinued. Upon the trial of the action against Coster no evidence was introduced on the subject of defendant's negligence as the sole proximate cause of the accident, upon plaintiff's freedom from contributory negligence or upon the subject of damages. At the opening of the trial it was stipulated in accordance with defendant's supplemental answer that, at the time of the accident and at the time of the trial, (1) chapter 209, section 6, of the General Laws of the Commonwealth of Massachusetts provided that " a married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife," (2) the law of Massachusetts on the issues submitted was laid down in the Supreme Judicial Court of Massachusetts in *Lubowitz* v. *Taines* (293 Mass. 39) and *Johnson* v. *Johnson* (303 Mass. 204), (3) the defendant was protected by a liability insurance policy, issued under and governed by the laws of the State of New York but containing no express provision as is referred to in subdivision 3-a of section 109 of the Insurance Law (Cons. Law, ch. 28) (now § 167, subdivision 3), which by its terms covered the accident, and (4) that the court might " make a definitive decision " at that time rather than at the close of the case. The Special Term and the Appellate Division had previously refused to strike from the supplemental and amended answer the defense to which reference is made above and had stricken out plaintiff's reply in which she set up defendant's insurance coverage. In that state of the record, the trial court held that " whatever the proof might be as to the

questions of negligence, contributory negligence and damages
* * * the defendant's plea of the marriage of the plaintiff to
the defendant Coster, though subsequent to the time of the acci-
dent, precludes a recovery by the plaintiff against the defendant
Coster in the courts of our State, in view of the law of the State
of Massachusetts; and such decision of the Appellate Division like-
wise would seem to preclude the tenability of the contention by
the plaintiff that the existence of insurance would constitute an
exception to the law of Massachusetts barring a recovery by a
wife against the husband for a tort," and dismissed the complaint.

Under the laws of Massachusetts, the plaintiff was competent
to sue Coster to recover damages for personal injuries due to his
negligence since she was not his wife at the time of the occurrence
of the accident and at the time of bringing suit, but her subse-
quent marriage to Coster extinguished her right to maintain the
action. (Massachusetts General Laws, ch. 209, § 6; *Lubowitz* v.
*Taines, supra.*) The doctrine of identification still bars the main-
tenance of such a suit in that State by a married woman against her
spouse. In this State, our public policy is to the contrary.
(Domestic Relations Law, § 57; Cons. Laws, ch. 14; Insurance Law,
§ 167, sub. 3; *Rozell* v. *Rozell,* 281 N. Y. 106, 110.) Her right to
bring and to maintain the suit and to recover damages against her
spouse is a substantive right, a part of her cause of action and not a
mere matter of remedy. (*Sapone* v. *N. Y. C. & H. R. R. R. Co.,* 130
Misc. 755; *Mertz* v. *Mertz,* 271 N. Y. 466.) As to substantive rights,
the *lex loci,* not the law of the forum, controls and will be enforced in
the courts of the forum in a transitory action such as this unless our
public policy forbids. (*Kiefer* v. *Grand Trunk Ry. Co.,* 12 App. Div.
28; affd., 153 N. Y. 688; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99,
106; *Mertz* v. *Mertz, supra.*) But our public policy to permit the
maintenance by one spouse of a suit against the other to recover
damages for personal injuries does not require or authorize our
courts to ignore foreign law affecting substantive rights where such
law merely differs from our own. To render the foreign law unenforce-
able here as contrary to our public policy under such circumstances,
it must additionally violate " some fundamental principle of justice,
some prevalent conception of good morals, some deep-rooted
tradition of the common weal." (*Loucks* v. *Standard Oil Co.,*

*supra,* p. 111; *Mertz* v. *Mertz, supra.*) The acceptance of that doctrine is general. (*Howard* v. *Howard,* 200 N. C. 574, 579; *Buckeye* v. *Buckeye,* 203 Wis. 248; 38 Cyc. 546–549.) We cannot determine what the public policy of the Commonwealth of Massachusetts should be.

In *Johnson* v. *Johnson* (*supra*) the question of what effect, if any, the fact that defendant had liability insurance covering the accident might have on the question of the right of plaintiff to maintain suit was left undetermined. Under our law, the mere fact that defendant was to be indemnified for damages awarded against him for accidental injury to a person establishes no right of action in favor of the latter. (*Rozell* v. *Rozell,* 281 N. Y. 106, 113.) By the express terms of the policy in this case, it is only after judgment against the insured has been rendered or his liability for the wrong has been conceded by the carrier that the person injured may have a right to recover against the carrier. If material at all, the fact that our Legislature has recognized a right in an injured spouse to maintain an action against an insurer under specified conditions and requiring certain policy provisions (Cf. Insurance Law, § 167, subd. 3; Vehicle and Traffic Law, Cons. Laws, ch. 71; former § 94-k, as in effect to January 1, 1942, [repealed L. 1941; ch. 872] see now § 94-q) is pertinent only as some slight indication of our public policy to permit one spouse to recover in this State against her mate for the actionable wrong of the latter.

The judgment appealed from should be affirmed, with costs and without prejudice to any action the plaintiff may be advised to bring in another jurisdiction.

LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., taking no part.

Judgment affirmed, etc.