**TANNO, Plaintiff Appellant, v. EBY, Defendant Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20203.   Decided March 4, 1946

George J. McMonagle, Cleveland, for plaintiff appellant.
McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant appellee.

## OPINION

By SKEEL, P. J.

This appeal comes to this court on questions of law. The action as it was originally filed was concerned with injuries sustained by the plaintiff in an automobile accident. The plaintiff was a passenger in the defendant's automobile. In her petition she alleged that through the defendant's wilful and wanton misconduct in the operation of his automobile he ran into a tree whereby plaintiff was injured. The accident occurred on March 5, 1944. This action was filed on April 8, 1944. Thereafter on July 8, 1944, the parties were married. Before the marriage ceremony was performed the parties entered into an ante-nuptial contract where it was agreed that the marriage should in no way affect the plaintiff's right to maintain the said case against the defendant and retain-

ed to herself the right to prosecute said action to a final conclusion, after their marriage.

After the marriage of the parties the defendant's counsel filed an amended answer setting forth the fact of the marriage as a defense to the action. The plaintiff demurred to the amended answer. The demurrer, upon hearing was overruled. The plaintiff then filed a reply admitting the marriage of the parties and setting forth the ante-nuptial agreement. When the case was called for trial the court granted a motion of defendant for judgment on the pleadings and final judgment was entered for the defendant.

Ohio has never recognized the right of a husband or wife to bring an action in tort against his or her spouse. Such an action is declared to be against public policy.

In the case of **Leonardi v Leonardi, 21 Oh Ap 110,** the syllabus provides:

"A wife cannot maintain an action against her husband to recover damages for a personal injury caused by his negligence."

The facts as to the cause of plaintiff's injuries in the Leonardi case involved the operation of an automobile in which she was riding as a passenger. The court, on page 112 of the opinion considers the statutes of Ohio defining married women's rights which define her right to hold property. These sections are §7985 to §8004 GC inclusive and §11245 GC. On page 116 and 117 of the opinion the court says:

"To give either the husband or wife the right to sue the other for injury sustained by reason of a negligent act would strike at the very heart of the peaceable domestic relation of the husband and wife, and further at the happiness of the family.

The legislature will not be held to intend a repeal of the settled rules of common law, unless the language employed by it clearly imports such an intention * * * * *.

None of the sections of the General Code from §7995 to §8004 clearly expresses the intention on the part of the legislature to abrogate the common law principle that a married women cannot maintain an action against her husband for a personal injury caused by his neglect; nor does §11245 GC so do." "Until the legislature does so express its intentions the wife cannot maintain such an action against her husband to recover damages for a personal injury caused by his negligent act."

The fact that the marriage did not take place until after the accident which caused plaintiff's injuries had occurred, does not change the rule. The policy of the law is to promote domestic peace and felicity.

In the case of Lubowitz v Taines, 198 N. E. 320 (Mass. Sup. Jud. Ct. 1936) the facts were identical with those of the case at bar. There the plaintiff before she was married brought an action against the defendant claiming gross negligence.

After the jury was impanelled it was agreed by counsel in open court that the plaintiff had married the defendant, whereupon defendant's counsel filed a motion to dismiss the action, which the court granted. The syllabus provides:

"Plaintiff having married defendant before trial, held, not entitled to maintain negligence action involving automobile collision."

In considering this case as authority upon the subject of the right of a wife to maintain an action in tort against her husband, it must be remembered that the court in deciding the case, referred to the statutory law of the State of Massachusetts. Chapter 209, Sec. 6 of the General Laws of the Commonwealth of Massachusetts (Ter. Ed) provided that:

"A married woman may sue or be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife."

It is clear that this statute while it enlarged the rights of married women, it did not change the common law as to tort actions between husband and wife.

The case of Coster v Coster, 46 N. E. 509 (Court of Appeals of New York, 1943, 289 N. Y. 438) was called upon to give consideration to the law of Massachusetts on this subject. Pauline Dansey, a resident of New York, was riding as a passenger in the automobile of defendant, Coster, which he was then driving on a public highway in the State of Massachusetts. An accident occurred in which the plaintiff (Pauline Dansey) was injured. She began action against the defendant in New York on Jan. 16, 1939. The defendant filed an answer on Feb. 4, 1939. On July 12, 1939 before the case came on for trial, the parties were married and after their marriage they continued to reside in New York. On page 511 of the opinion the court says:

"Under the laws of Massachusetts, the plaintiff was competent to sue Coster to recover damages for personal injuries

due to his negligence since she was not his wife at the time of the occurrence of the accident and at the time of bringing suit, but her subsequent marriage to Coster extinguished her right to maintain the action. Mass. General Laws (Ter. Ed) ch 209 §6. Lubowitz v Taines, supra. The doctrine of indentification still bars the maintenance of such a suit in that state by a married woman against her spouse. In this state, our public policy is to the contrary. Domestic Relations Law §57 Consol. Laws, c. 14; Insurance Law §167 sbdv. 3; Rozell v Rozell, 281 N. Y. 106 110, 22 N. E. 2d 254, 123 A.L.R. 1015."

We include the latter part of the above quotation to show that because of statutory changes of the common law in the State of New York, the holding of its courts upon this subject cannot be urged as authority for the rule for which the plaintiff herein contends.

In Patenaude v Patenaude, 263 N. W. 546, 547, the supreme court of Minnesota declared the rule as follows:

"In Drake v Drake, 145 Minn. 388, 177 N. W. 624, 625, 9 A. L. R. 1064, this court said:
'But the welfare of the home, the abiding place of domestic love and affection, the maintenance of which in all its sacredness undisturbed by a public exposure of trivial family disagreements, is so essential to society, demands and requires that no new grounds for its disturbance or disruption by judicial proceedings be ingrafted on the law by rule of court not sanctioned, or made necessary by express legislation.' Quite generally, one of the reasons why a husband or wife cannot bring suit for a personal tort against the other, during coverture at least, is that so to do would disturb and tend to disrupt the marriage and family relations, which it is the public policy of the state to protect and maintain inviolable."

The Court of Appeals of the Second District of Ohio in the case of Werrig v Martin, held as indicated by the headnote:

"An action for damage for a tort committed by the husband against the wife before marriage does not lie after divorce."

See also, 41 C. J. S. page 877 §396-a

A contract which attempts to grant a right which is against public policy in absolutity is void.

In **Key v Vattier**, (1823) **1 Ohio 132**, the supreme court in considering a contract tainted with champerty, said:

"* * * * The right of making contracts at pleasure is a personal privilege of great value, and ought not to be lightly restrained; but it must be restrained where contracts are attempted against public law, general policy or public justice."

Also, in Krishner v Krishner, 244 App. Div. 24, affirmed in 200 N. Y. 43 (1936) the plaintiff made an ante-nuptial agreement with his wife, which provided that, to permit him to continue his education in medicine, he was not to be held responsible for his wife's support. After marriage the wife refused to carry out the contract and plaintiff brought action for the annulment of the marriage. In holding the ante-nuptial agreement void as against strong public policy, the court held that the promise upon which the plaintiff relied to obtain the annulment was not only valid as against public policy, but that the alleged agreement between the parties was expressly prohibited by Sec. 51 of the Domestic Relations Law.

The judgment of the Court of Common Pleas is therefore affirmed.

LIEGHLEY, J, MORGAN, J, concur.