## Ellis v. Brenninger

A. *Archer Cross*, for plaintiff.
*Russell J. Brownback*, for defendant.

KNIGHT, P. J., May 12, 1950.—The parties were formerly husband and wife, and were divorced March 14, 1949. On March 15, 1950, this action was brought by plaintiff, to recover damages from defendant which plaintiff alleges she suffered as the result of an assault and battery committed upon her by defendant while they were husband and wife.

Defendant has filed five preliminary objections, the gist of which is that plaintiff has no legal right to maintain this action because the alleged cause of action

arose while they were living together as husband and wife.

At common law, husband and wife could not sue each other. This rule of law was a necessary corollary of the common-law conception of husband and wife as one person. The rule also has sound social reasons to support it, for actions by one spouse against the other would tend to disrupt families.

The Married Women's Property Act of June 8, 1893, P. L. 344, as amended by the Act of March 27, 1913, P. L. 14, 48 PS §111, enlarged the powers of married women and modified the common-law rule, so that in specific instances, a wife may sue her husband. The acts provide:

"Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; . . ." and "In any proceeding brought by either the husband or wife to protect and recover the separate property of either, both shall be fully competent witnesses. . . ."

Obviously this is not a suit in divorce nor is it one to protect and recover the separate property of the wife. It follows if these parties were now living in the relationship of husband and wife, the action could not be maintained by plaintiff. This, counsel for plaintiff concedes. We have then to determine what effect the divorce of the parties had on the right of plaintiff to bring this action.

The industry of counsel and our own research have disclosed but two lower court cases in which this question has been directly raised and flatly decided in Pennsylvania. One is in favor of plaintiff, one defendant.

In Smith v. Smith, 14 D. & C. 466 (1930), Judge Stewart of Northampton County, in a case on all fours

with the case at bar, held that an action by a woman would not lie against her divorced husband for a tort committed by him during the coverture of the parties. Judge Stewart was one of the outstanding judges of the Commonwealth, and his well-considered and exhaustive opinion, with its many citations of authorities, has great weight with this court.

The doctrine of Smith v. Smith, supra, finds support in the digests and textbooks. In 30 C. J. 715 §319 it is said: "Divorce does not enable an action to be brought for a tort which was committed during coverture . . .". In 27 Am. Jur. 196, §594, it is said:

"Where husband and wife are not liable to each other for torts committed by one against the other during coverture, they do not, upon being divorced, become liable to each other for torts committed prior to the divorce, by one spouse on the person or character of the other during coverture."

In Corpus Juris Secundum we have the following statements showing that there has been no change in the law (41 C. J. S. 886 §396-c) :

"At common law and in the absence of any constitutional or statutory provision affecting liability between spouses for personal torts, after divorce neither of the former spouses can maintain an action against the other for a personal tort committed during coverture, and this rule prevents such an action by the former wife against the former husband"; citing Smith v. Smith, supra.

In 13 Standard Pa. Practice 285, §26:

"The question of the right of one spouse to maintain an action against the other for a personal injury has been considerably discussed by the court, and the weight of authority seems to be to the effect that statutes conferring additional rights on married women and the right to sue separately and in their own names for redress of wrongs concerning their separate prop-

erty and personal security confer no right on either spouse to sue the other for personal injuries. The courts of Pennsylvania are in accord with this general view holding that so far as actions for personal torts are concerned, the common-law prohibition between spouses has not been abrogated by the statutes removing the common-law disabilities of married women. This principle would appear to result necessarily from the express statutory denial of any general right in the wife to sue her husband. Consequently, a wife cannot . . . sue her husband in trespass for an assault and battery committed upon her by him, although before institution of the suit she obtains a divorce on the grounds of cruelty."

Plaintiff relies on the Act of May 1, 1913, P. L. 146, 48 PS §114, which provides as follows:

"From and after the passage of this act, any wife, who has been deserted, abandoned, or driven from her home by her husband, may sue her husband civilly, in any court of this Commonwealth having the jurisdiction, upon any cause of action now existing or hereafter accruing, with like effect as if such wife were a femme sole; and in such case the wife shall be a competent witness against the husband."

Under this act Judge Cummings of Northumberland County, in Paskevich v. Paskevich, 5 Northumb. 266 (1920), held that a wife who immediately withdrew from the habitation of her husband after he had committed an assault and battery upon her, could, after obtaining a divorce, bring an action against her ex-husband, for damages resulting from the tort during coverture.

It is questionable if this plaintiff has brought herself within the swath of this act. She does not allege that she was deserted, abandoned or driven from her home by defendant. She alleges that he "forced her to withdraw from continued cohabitation with defendant".

A man and his wife may not cohabit, and yet live in the same home.

Assuming, however, that she comes within the purview of the statute, we are of the opinion that its provisions do not authorize this action. The act empowers a wife who is abandoned, deserted, or driven from her home to sue her husband upon any cause of action "now existing or hereafter accruing". While the parties were living together as man and wife, no cause of action under the facts in this case existed. The words "hereafter accruing" refer to actions that might arise after the passage of the act as distinguished from a cause of action existing at the time of its passage.

We are inclined to follow the reasoning of Judge Stewart in Smith v. Smith, supra, and under the authority of that case these objections must be sustained.

And now, May 12, 1950, the preliminary objections to the complaint are sustained, and the prothonotary is directed to enter judgment for defendant in the above case.