SOPHIA T. BOHENEK *v.* STANLEY W. NIEDZWIECKI

BALDWIN, O'SULLIVAN, WYNNE, DALY and ALCORN, JS.

Argued February 3—decided March 22, 1955

*Benjamin S. Birnbaum,* with whom were *A. Arthur Giddon* and, on the brief, *Morton E. Cole* and *Cyril Cole,* for the appellant (plaintiff).

*Robert Y. Pelgrift,* for the appellee (defendant).

BALDWIN, J. This is an action to recover damages for personal injuries caused by negligence. The plaintiff had a verdict which the trial court, upon the defendant's motion, set aside as against the law. The plaintiff has appealed.

The claims of proof may be stated briefly as follows: On December 24, 1947, the plaintiff was a passenger in an automobile owned and operated by the defendant. While proceeding through the Commonwealth of Pennsylvania, the automobile, owing to the defendant's negligence, collided with a truck and the plaintiff was injured. The plaintiff and the defendant were then and are now residents of Connecticut. The plaintiff brought this action on May 22, 1948. On November 24, 1949, while the action was pending, she married the defendant. At the time of the trial the parties were living together as husband and wife. The defendant claimed to have proved that he was not negligent. The trial court's reason for setting aside the verdict was that the law of Pennsylvania determined the right of the plaintiff to recover, and under that law she lost the right when she married the defendant.

We are met at the outset with a procedural question. The record and finding disclose that the defendant had filed an affirmative defense. This alleged, in substance, that the law of Pennsylvania was applicable to the facts stated in the complaint and did not permit a married woman to recover damages from her husband for the negligent operation of an automobile. The plaintiff demurred to this defense and her demurrer was sustained. She states that no further pleadings were filed raising this issue, as required by the rule (Practice Book

§ 102), that the trial court did not charge concerning it, and that the defendant did not request such a charge or except to the charge as given. Therefore, she claims, the court is precluded from considering the issue as determinative of the case.

The finding recites that before any evidence was taken at the trial a conference was held between the court and trial counsel at which the defendant renewed the offer of his affirmative defense. The court instructed counsel that it would treat as a matter of law the question whether the marriage of the plaintiff to the defendant after the action was begun extinguished her right of action, and that, since the plaintiff admitted the factual allegations of the defense, the court would rule upon their legal effect, in the event of a plaintiff's verdict, in considering the defendant's motion to set it aside. This procedure was apparently agreeable to counsel, for no objection was made either at the conference or in court after the trial was resumed. The reconsideration of the affirmative defense and its effect upon the plaintiff's right to maintain her cause of action was a ruling within the judicial discretion of the court. It did not abuse its discretion. *Santoro* v. *Kleinberger,* 115 Conn. 631, 638, 163 A. 107; *Albrecht* v. *Rubinstein,* 135 Conn. 243, 247, 63 A.2d 158.

The plaintiff claims further that no evidence of the law of Pennsylvania was introduced. Our courts can take judicial notice of the printed statutes and reports of judicial decisions of other states. General Statutes §§ 7886, 7887. The fair purport of the finding is that the question of the effect of the marriage of the parties would be dealt with as a matter of law and that the trial court would take judicial notice of the law of Pennsylvania as it pertained to the facts of this case. There was no error

in the procedure followed by the trial court, with the apparent approval of counsel, in dealing with this issue of law.

The real question in the case is whether the plaintiff can recover damages in an action in tort in our courts for injuries negligently inflicted on her in Pennsylvania by one whom she married subsequent to the bringing of suit but before judgment. We are dealing with a substantive right. *Brown* v. *Brown*, 88 Conn. 42, 47, 89 A. 889; *Bushnell* v. *Bushnell*, 103 Conn. 583, 586, 131 A. 432; *Coster* v. *Coster*, 289 N.Y. 438, 442, 46 N.E.2d 509; 27 Am. Jur. 192, § 589. The creation and extent of liability in tort are fixed by the lex loci delicti commissi, which in this case is Pennsylvania. *Gondek* v. *Pliska*, 135 Conn. 610, 613, 67 A.2d 552; *Levy* v. *Daniels' U-Drive Auto Renting Co.*, 108 Conn. 333, 335, 143 A. 163; 2 Beale, Conflict of Laws, p. 1289; Restatement, Conflict of Laws § 378. The law of that state does not give a married woman the right to maintain an action against her husband for injuries inflicted by his negligence. Pa. Stat. Ann. tit. 48, § 111 (1930); *Koontz* v. *Messer*, 320 Pa. 487, 492, 181 A. 792; *Fisher* v. *Diehl*, 156 Pa. Super. 476, 484, 40 A.2d 912; *Ellis* v. *Brenninger*, 71 Pa. D. & C. 583, 584; note, 160 A.L.R. 1406. Even though the plaintiff had a right of action and had instituted suit against her future husband, her subsequent marriage to him denied her that right so long as the marriage status continued. *Cardamone* v. *Cardamone*, 9 Pa. D. & C. 723, 729. Recovery has been denied upon similar facts in the courts of other states where a wife has no right to maintain an action against her husband for negligence. *Webster* v. *Snyder*, 103 Fla. 1131, 1132, 138 So. 755; *Henneger* v. *Lomas*, 145 Ind. 287, 291, 44 N.E. 462; *Lubowitz* v. *Taines*,

293 Mass. 39, 41, 198 N.E. 320; *Wolfer* v. *Oehlers,* 8 N.J. Super. 434, 436, 73 A.2d 95; *Tanno* v. *Eby,* 78 Ohio App. 21, 23, 68 N.E.2d 813; *Raines* v. *Mercer,* 165 Tenn. 415, 419, 55 S.W.2d 263; *Spector* v. *Weisman,* 40 F.2d 792, 793; 41 C.J.S. 880. The plaintiff was injured by the defendant's negligence in Pennsylvania. The law of that state creates, defines and limits her right of action. As she could not maintain this cause of action in that state, she cannot maintain it here. *Garlin* v. *Garlin,* 260 Wis. 187, 188, 50 N.W.2d 373; *Miltimore* v. *Milford Motor Co.,* 89 N.H. 272, 273, 197 A. 330; *Howard* v. *Howard,* 200 N.C. 574, 576, 158 S.E. 101. Recovery has been denied on facts like those presented in this case by the courts of New York and Wisconsin. *Coster* v. *Coster,* 289 N.Y. 438, 442, 46 N.E.2d 509; *Buckeye* v. *Buckeye,* 203 Wis. 248, 252, 234 N.W. 342.

The plaintiff argues that she had a right of action under the laws of Pennsylvania when she instituted her suit and that her subsequent marriage cannot deprive our courts of jurisdiction once it is acquired. She relies upon *Orr* v. *Ahern,* 107 Conn. 174, 139 A. 691. The question in that case was whether a common-law action to recover damages for personal injuries suffered in New York could be maintained in this state against the defendant administrator of the one whose negligence caused the injury. Because the action did not survive under New York law we held that it could not be maintained in this state. By way of dicta, the opinion states (p. 176) that if the plaintiff had begun his action in this state before the death of the defendant's intestate it would have survived under our survival statutes, our courts having assumed jurisdiction. General Statutes, Rev. 1918, § 6177 (as amended, Cum. Sup. 1953, § 2432c). The reason given was that our statute

concerns the remedy for, and not the substance of, a cause of action. Consequently, the law of the forum would govern, and the state where the injury occurred could not, "by legislative or judicial action taken subsequent to our acquiring jurisdiction," take away that jurisdiction. In short, the failure of the state of New York to provide a remedy by way of a survival statute had no extraterritorial effect. That reasoning does not apply to the facts of the case at bar. We are not primarily concerned with the remedy but with the substance of the plaintiff's right of action. On the admitted facts as developed at the trial the plaintiff had no right of action in Pennsylvania. This was not due to any "legislative or judicial action taken subsequent to our acquiring jurisdiction" but to the act of the parties themselves. *Buckeye* v. *Buckeye,* 203 Wis. 248, 253, 234 N.W. 342.

The plaintiff argues further that to apply the law of Pennsylvania and deny recovery to her contravenes the public policy of our law, which permits such a cause of action. Our public policy in such matters does not authorize our courts to ignore well-established principles of the conflict of laws and to disregard the law of a sister state affecting substantive rights merely because that law differs from our own. *Coster* v. *Coster,* 289 N.Y. 438, 442, 46 N.E.2d 509; *Howard* v. *Howard,* 200 N.C. 574, 579, 158 S.E. 101. We cannot say that the law of Pennsylvania in such matters violates any fundamental principle of justice, any prevalent conception of good morals or any deep-rooted tradition of commonweal and should not be recognized. See *Ciampittiello* v. *Campitello,* 134 Conn. 51, 57, 54 A.2d 669. The law of many states is like that of Pennsylvania. See note, 160 A.L.R. 1406. Then, too, in denying the plaintiff recovery, we are not allow-

ing the law of Pennsylvania to operate here. We are only recognizing the fact that it operates in Pennsylvania. See *Ciampittiello* v. *Campitello,* supra (dissenting opinion).

The trial court was correct in granting the motion to set the verdict aside.

There is no error.

In this opinion the other judges concurred.