ELOISE BISSONNETTE *v.* HENRY R. BISSONNETTE

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 110555

Memorandum filed October 29, 1957.

*Richard S. Levin* and *Edward J. Daly, Jr.,* both of Hartford, for the plaintiff.

*Butler, Volpe, Garrity & Sacco,* of Hartford, for the defendant.

SHAPIRO, J. On or about August 29, 1956, the plaintiff was a passenger in an automobile owned and being operated by the defendant. The parties are wife and husband and at said time were and now are residents of and domiciled in Connecticut. On said date, this car being so operated in Longmeadow, Massachusetts, became involved there in an accident resulting in injuries to the plaintiff. As a result, the plaintiff has brought suit in this court by complaint dated August 23, 1957. The defendant has demurred to the complaint on the ground that by the law of Massachusetts a married woman may not sue her husband for negligent injuries, and since the parties still retain this relationship and are so living together, the law of Massachusetts controls and prevents the plaintiff from maintaining this action.

Thus, the issue raised here is whether a wife domiciled in Connecticut, living with her husband so domiciled, may maintain a tort action against the latter in this state for injuries sustained in Massachusetts.

Section 6, chapter 209, Annotated Laws of Massachusetts, states: "A married woman may sue and be sued in the same manner as if she were sole; but this section shall not authorize suits between husband and wife." The plaintiff argues that the question of law involved here is one of public policy and not substantive, and that since Connecticut allows a wife to sue her husband in tort, she should be allowed to proceed with her suit. She contends that since our public policy allows such suits, it therefore contravenes the public policy of Massachusetts, and should prevail over it. However, she admits that she could not sue her husband in Massachusetts.

under its law. Recovery has been denied in Massachusetts where a wife was not permitted to maintain an action against her husband for negligence. *Lubowitz* v. *Taines,* 293 Mass. 39, 41. "That no cause of action arises in favor of either husband or wife for a tort committed by the other during coverture is too well settled to require citation of authority. Recovery is denied in such a case not merely because of the disability of one spouse to sue the other during coverture, but for the more fundamental reason that because of the marital relationship no cause of action ever came into existence." *Callow* v. *Thomas,* 322 Mass. 550, 551.

The state of New York, like Connecticut, permits one spouse to sue the other for tort. In the case of *Coster* v. *Coster,* 289 N.Y. 438, 442, recovery was denied on the ground that since the plaintiff could not sue in Massachusetts, she could not recover in New York. The court also held that the law of Massachusetts, in failing to permit suits between spouses, does not violate any fundamental principle of justice, any prevalent conception of good morals or any deep-rooted tradition of the commonweal and was therefore enforceable in New York.

The plaintiff has argued that to apply the law of Massachusetts and deny recovery to her contravenes the public policy of our law, which permits such a cause of action. Our public policy in such matters does not authorize our courts to ignore well-established principles of the conflict of laws and to disregard the law of a sister state affecting substantive rights merely because that law differs from our own. *Bohenek* v. *Niedzwiecki,* 142 Conn. 278, 284. Pointing to the *Bohenek* case, involving Pennsylvania law, where the statute in regard to a suit on negligence between husband and wife states that no action shall be brought, the plaintiff contends that there substantive law is involved while

the Massachusetts law merely raises a principle of public policy. As to this last argument, this court can see no distinction between the rights involved in the Pennsylvania accident and the one involved here. Substantive rights are involved in both, for as was said in the *Callow* case, supra, "because of the marital relationship no cause of action ever came into existence."

This court cannot say that the law of Massachusetts violates any fundamental principle of justice, any prevalent conception of good morals or any deep-rooted tradition of commonweal and should therefore not be recognized. See *Ciampittiello* v. *Campittello,* 134 Conn. 51, 57; *Coster* v. *Coster,* supra.

It is also pointed out that procedure-wise, the situation, because counsel have so presented it, differs from that in the *Bohenek* case, supra. There, an affirmative defense was filed by the defendant and the court decided the matter as a question of law. Here, counsel have raised the question directly by the present demurrer.

The law of Massachusetts creates, defines and limits a married woman's cause of action. Since the plaintiff could not maintain this cause of action there, she cannot maintain it here, for the reasons given.

Accordingly, the demurrer is sustained.