Maude HOLDER, Plaintiff in Error,

v.

David HOLDER, Defendant in Error.

No. 39994.

Supreme Court of Oklahoma.

Nov. 28, 1962.

Rehearing Denied July 23, 1963.

Second Petition for Rehearing Denied
Sept. 10, 1963.

A. Langley Coffey, O. C. Lassiter, Tulsa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Jr., C. D. Tomlins, Tulsa, for defendant in error.

JOHNSON, Justice.

Maude Holder, wife, brought an action in damages against her husband, David Holder, in the county of their domicile for injuries sustained when the automobile he was driving collided with another vehicle. The accident occurred outside the State of Oklahoma and wholly within the State of Missouri. The trial court sustained a demurrer to the petition, and, upon election of the wife not to plead further, judgment was entered in favor of the husband and

against the wife. The wife perfected this appeal. It is admitted that in Missouri the wife has no cause of action against the husband for personal injuries.

In an annotation in 22 A.L.R.2d 1251, it is stated:

"The rule that the existence of a right of action between spouses for personal injury is a matter of substance to be determined by the law of the place where the tort was committed has been held to preclude the maintenance of such an action even in a jurisdiction which would authorize it if the tort had occurred within its boundaries, where no such right of action is recognized at the situs of the tort."

Cited in support of this rule are: Miltimore v. Milford Motor Co., 89 N.H. 272, 197 A. 330; Gray v. Gray, 87 N.H. 82, 174 A. 508, 94 A.L.R. 1404; Dawson v. Dawson, 224 Ala. 13, 138 So. 414; Burke v. Massachusetts Bonding & Ins. Co., 209 La. 495, 24 So.2d 875, affirming 19 So.2d 647.

In each of these cases the husband and wife were domiciled where the action was brought. In Miltimore v. Milford Motor Co., supra, the wife, living in New Hampshire brought the action in New Hampshire, and the accident occurred in Massachusetts. In Gray v. Gray, supra, the action was brought by the spouse living in New Hampshire, and the accident took place in Maine. Other cases in which there was no distinction as to whether the husband or wife who brought the suit was domiciled where the action was brought are Boisvert v. Boisvert, 94 N.H. 357, 53 A.2d 515; Coster v. Coster, 289 N.Y. 438, 46 N.E.2d 509, 146 A.L.R. 702; and Howard v. Howard, 200 N.C. 574, 158 S.E. 101.

Plaintiff argues that the public policy of this state is so well grounded in the right of the wife to maintain the action in damages that the rule that the wife may maintain the action should be enforced. In Coster v. Coster, supra, it is stated:

" * * * But our public policy to permit the maintenance by one spouse of a suit against the other to recover damages for personal injuries does not require or authorize our courts to ignore foreign law affecting substantive rights where such law merely differs from our own. To render the foreign law unenforceable here as contrary to our public policy under such circumstances, it must additionally violate 'some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal.' Loucks v. Standard Oil Co. of New York, supra, 224 N.Y. page 111, 120 N.E. page 202; Mertz v. Mertz, supra. The acceptance of that doctrine is general. Howard v. Howard, 200 N.C. 574, 579, 158 S.E. 101; Buckeye v. Buckeye, 203 Wis. 248, 234 N.W. 342; 38 Cyc. 546–549. We cannot determine what the public policy of the Commonwealth of Massachusetts should be."

There being no right of action in the wife against the husband for the damages resulting from the collision in Missouri, plaintiff could not maintain the action in the State of Oklahoma.

Judgment affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.