■ MARCIA MANNING, Respondent, v. JOHN HYLAND, Appellant.— In an action to recover damages for personal injury sustained by plaintiff, a passenger in defendant's automobile, as the result of an accident on the Garden State Parkway in New Jersey, the defendant appeals from an order of the Supreme Court, Queens County, dated August 1, 1962, which denied his motion to serve a supplemental answer pleading as a defense that the action is barred under the law of the State of New Jersey by reason of the fact that after joinder of issue therein, the plaintiff and defendant intermarried. Order reversed, without costs, and motion granted. Defendant's time to serve the supplemental answer is extended until 20 days after entry of the order hereon. The action was commenced on September 24, 1959 and issue was joined on January 8, 1960. Subsequently (on Sept. 9, 1961) the parties were married in Delaware Township, New Jersey. Under the law of that State, a married

woman may not sue her husband for personal injuries resulting from her husband's negligence, irrespective of whether the negligence occurred before or after the marriage (New Jersey Statutes Annotated 37:2-5; *Koplik* v. *C. P. Trucking Corp.*, 27 N. J. 1). Plaintiff contends that defendant is guilty of laches; that negotiations for the settlement of her case resulted in an offer by the insurance carrier in the sum of $10,000 which was rejected by a counter-offer on her part; and that on the strength of such negotiations plaintiff committed herself to "extensive debts and a mortgage amounting to several thousand dollars." The court may, and in a proper case must, on application and upon such terms as are just, permit a party to serve a supplemental pleading "alleging material facts which occurred after his former pleading" (Civ. Prac. Act, § 245). If there has been a delay in moving for leave to serve such a pleading, the facts showing good reason therefor must be stated in order to meet the objection of laches (*Plitt* v. *Illinois Sur. Co.*, 165 App. Div. 973). Laches cannot be imputed to one who has been justifiably ignorant of the facts giving rise to a cause of action or defense and who therefore failed to assert it (30 C. J. S., Equity, § 128). While here it is true that the defendant himself was aware of the marriage, it would be unrealistic to predicate laches on his knowledge. The real party in interest, defendant's insurance carrier, according to the sworn statement of its local claims manager, first learned on May 16, 1962 of the marriage of plaintiff and defendant and thereupon without delay notified defendant's attorney. Defendant's attorney swears that he had no prior knowledge of the marriage; and, by notice dated June 15, 1962, he promptly made the motion for leave to serve the supplemental pleading. Whatever prejudice may have resulted from plaintiff's assumption of an eventual settlement of her claim was not the result of any laches on defendant's part. The settlement negotiations occurred prior to the time the insurance carrier had evidence of the marriage. While it is usually unnecessary to consider the merits of the proposed pleading, yet, where (as here) the question has been raised on the motion, we are constrained to do so. In our opinion, the proposed pleading is meritorious (*Coster* v. *Coster*, 289 N. Y. 438; *Lauterbach* v. *Fleischer*, 16 A D 2d 701). Christ, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.