Harold Tessler, J.
In an action to recover damages for personal injuries allegedly sustained by the plaintiff, the defendant moves for summary judgment upon the ground that the action is barred under the Hew Jersey law by the marriage between the plaintiff and the defendant.
At the time of the accident the plaintiff was a passenger in the automobile owned and operated by the defendant. The defendant resided in Camden, New Jersey, and the automobile was garaged, registered and insured in that State. The accident occurred on the Garden State Parkway near Pleasant Plains, New Jersey. The plaintiff was at that time a resident of the State of New York. Subsequent to the accident and the commencement of the instant lawsuit, the plaintiff and the defendant married each other in New Jersey and apparently maintain their marital domicile in that State. The plaintiff, however, claims to have maintained her legal residence at the home of her mother in Queens County, New York.
*916 After the marriage of the parties the defendant moved to amend his answer so as to plead, as an affirmative defense, the statutory and decisional law of New Jersey which provides that a married woman may not sue her husband for personal injuries resulting from her husband’s negligence, irrespective of whether the negligence occurred before or after the marriage. (N. J. Stat. Ann. 37:2-5; Koplik v. C. P. Trucking Corp., 27 N. J. 1.)
Special Term denied the motion and on appeal the Appellate Division reversed. (Manning v. Hyland, 19 A D 2d 652.) The court stated that since the question of the merits of the proposed pleading had been raised, it was contrained to consider those merits. It then held the pleading to be meritorious, citing Coster v. Coster (289 N. Y. 438) and Lauterbach v. Fleischer (16 A D 2d 701). The latter case involved the applicability of the law of Pennsylvania which is similar on the point involved herein to that of New Jersey. The court held that it was necessary to look to the law of New York, the place of the forum, to determine whether the right of a spouse to bring and maintain an action is substantive or procedural. If the former, the law of the foreign State controls. If the latter, the law of New York controls. The court held that the right was substantive and that the foreign State’s law and not that of New York was controlling.
The plaintiff argues that by the decision of the Court of Appeals in Babcock v. Jackson (12 N Y 2d 473) the conflicts of laws rules have been changed and that the question of the applicability of New Jersey or New York law depends on which State has the dominant contacts with the case. This point would seem to be well taken, especially in view of the last paragraph on page 480 in the Babcock decision. Indeed, that paragraph and footnote 11 on page 481 indicate that the Court of Appeals considered that even prior to its decision therein courts would, in deciding issues affecting intrafamilial immunity from tort, weigh the contacts or interests of the respective jurisdictions. There is also some indication in the aforesaid footnote 11 that Coster v. Coster (supra) cited by the Appellate Division in its decision in the instant case was considered by the court to be at odds with the mainstream of decisions on this point.
Plaintiff’s arguments fail for two reasons, however. In the first place, the Appellate Division decision in the instant case was rendered more than a month after the decision in Babcock was handed down, so this court must assume that the Appellate Division considered that case prior to rendering its decision. *917 Moreover, when the plaintiff: subsequently moved to reargue the decision of the Appellate Division, or for leave to appeal to the Court of Appeals, she specifically called the attention of the Appellate Division to the Babcock case. It would thus seem that the Appellate Division has rejected the plaintiff’s arguments and that the law of the case is that New Jersey law must be applied.
In the second place, even if the principles expounded in Babcock were applied herein, New Jersey law would still apply. Without a doubt, all the dominant contacts are with New Jersey and that State has the dominant interest in the controversy. The motion is granted.