**Marilyn S. WHITE, Appellant,**

v.

**Robert W. WHITE and Edward White, Appellees.**

**No. 52504.**

Supreme Court of Oklahoma.

Sept. 30, 1980.

Rehearing Denied Nov. 3, 1980.

Rex D. Brooks, Oklahoma City, for appellant.

Bruce V. Winston, Cooper, Stewart & Elder, Oklahoma City, for appellees.

BARNES, Justice:

In this case, we are asked to determine whether the trial court committed reversible error in sustaining a demurrer to the petition in a personal injury action, then dismissing the case with prejudice.

In substance, the petition before the trial court alleged (1) that the plaintiff, Marilyn S. White, was a passenger in a truck driven by Robert W. White, traveling south on Interstate 35 near the city of Louisville, Texas, when the defendant, Robert W. White, lost control of his truck, overturning it, causing injury to plaintiff's body; (2) that the plaintiff's injuries were caused by negligent acts of the defendant, Robert W. White, in that he failed to keep a proper lookout for vehicles properly on the highway, he followed the vehicle in front of him too closely, in violation of specific Texas statutes which were pleaded and attached; that Robert White drove his vehicle into a space between the divided roadway and

failed to keep his vehicle only upon the righthand roadway, in violation of another specific Texas statute which was pleaded; and (3) that the same defendant drove his vehicle at a speed that was greater than reasonable and prudent under the circumstances, and in violation of another specific Texas statute which was also pleaded and attached. The plaintiff pleaded that as a result of said negligent actions, she suffered broken bones, and other injuries to the body, resulting in permanent disability, medical expenses, and lost income–with her damages totaling some $200,000.00.

The plaintiff also alleges that at the time of the accident, the defendants, Robert W. White and Edward White, were engaged in a joint venture or partnership, operating a long–haul truck tractor–trailer, and that the plaintiff was employed by the defendants to help operate the truck. That at the time of the accident, she was within the scope of her employment, and that the defendants failed to carry Workmen's Compensation Insurance, and that she has elected to proceed in the District Court.

Attached to the petition, and made a part thereof, was the Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance, in which the Corporation Commission of Oklahoma certified that Employers Casualty Corporation[1] had issued to Edward White of Fort Cobb, Oklahoma, certain insurance policy covering the obligations imposed upon the insured by the Oklahoma Motor Vehicle provisions.

In response to this petition, the defendants, Robert W. White and Edward White, filed special demurrers in which they demurred to the petition on the following grounds:

(1) That the plaintiff has no legal capacity to sue;

(2) That the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendants.

In presenting these demurrers, the defendants relied on facts which did *not* appear on the face of the petition. Thus, the demurrers became speaking demurrers.

In arguing that the demurrers should be sustained, both Robert and Edward White argue that the plaintiff, Marilyn S. White, lacks the capacity to sue because she is the wife of Robert W. White, and under the laws of Texas one spouse may not bring a personal injury action against the other. The fact that the plaintiff and Robert W. White are husband and wife is a fact which does not appear on the face of the petition.

Additionally, in their second argument, the defendants rely upon other facts which do not appear upon the face of the petition. The defendants argue that in fact the plaintiff was not their employee, but was a co–employer.

■ Although this new matter–the marital relationship between the plaintiff and Robert White and the claimed business relationship between the plaintiff and the defendants–might properly be raised as affirmative defenses in the answer, such facts may not be considered by the trial court in ruling on the demurrers, for such facts do not appear on the face of the petition.[2] As the facts pleaded in the petition state a cause of action in favor of the plaintiff and against the defendants, and as the new matter offered by the defendants was not properly considered by the trial court in ruling on the demurrers to the petition, we hold that the trial court erred in sustaining the demurrers to the petition and in dismissing the cause of action. Accordingly, we remand the case to the District Court with instructions.

■ In arguing that the plaintiff lacked capacity to bring a personal injury action against her husband, the defendants relied upon Texas interspousal immunity laws. However, such laws do not exist in Oklaho-

---

1. Employers Casualty Corporation is not a party to this appeal because the cause against it was dismissed without prejudice by the plaintiff.

2. See *Great American Insurance Co. v. Watts*, 393 P.2d 236, 240 (Okl.1964); and *Grand Lodge A.O.U.W. of State of Oklahoma v. Hopkins*, 175 Okl. 170, 52 P.2d 4, 7–8 (1935).

ma. In point of fact, this Court has on numerous occasions held that a party may maintain a tort action against his or her spouse.[3] Thus, under Oklahoma law, the plaintiff could maintain a tort action against her spouse, whereas no suit could be maintained under Texas law.

An issue presented to the trial court–and an issue which will again be presented on remand–is which law to apply in determining whether the plaintiff has the capacity to sue her husband in tort.

In *Holder v. Holder*, 384 P.2d 663 (1963), we held that the right of a wife to maintain a suit against her spouse for personal injuries is a substantive right, constituting a part of her cause of action, and not a mere matter of remedy, for the purposes of determining the applicable law. In that case, we determined whether Oklahoma law (the law of the domicile of the parties), or the law of Missouri (the law of the situs of the tort) was to be applied. In answering that question, we stated:

"The rule that the existence of a right of action between spouses for personal injury is a matter of substance to be determined by the law of the place where the tort was committed has been held to preclude the maintenance of such an action even in a jurisdiction which would authorize it if the tort had occurred within its boundaries, where no such right of action is recognized at the situs of the tort." [Quoting from the annotation in 22 A.L.R.2d 1251.]

We went on to hold that because the law of the situs of the tort, Missouri, did not permit a wife to bring personal injury action against her husband, such an action could not be maintained in the State of Oklahoma.

■ Since our ruling in *Holder*, we have abandoned the rule announced in that case. Choice of law questions are no longer decided on the basis of the mechanical rule announced in *Holder*. Rather, such issues are now determined by employing the more flexible and more workable rule adopted by this Court in *Brickner v. Gooden*, 525 P.2d 632 (Okl.1974). In that case, we stated:

"Dissatisfaction with the mechanical application of the rule that the substantive rights of the parties to a tort action are automatically fixed by, and inexorably governed by the law of the place where the wrong occurred, has in recent years led a number of courts to reject the rule of the place of the wrong [lex loci delicti] completely. 29 A.L.R.3d 603 (1970). Therein, it is stated at page 623, that: 'In a number of recent multi–state tort actions, the courts have discarded the rule of the place of the wrong as the sole determinant of the law governing the parties' substantive rights, and applied a rule that requires of the forum court analysis of all facts and factors involved to determine what law is most appropriate under the particular analytical theory or process employed to govern the parties' rights and liabilities with respect to any issue in tort.'" 525 P.2d 632, at 635.

In abandoning the "lex loci delicti" rule, we went on to state:

"We hold, as a general principle, that the rights and liabilities of parties with respect to a particular issue in tort shall be determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties. The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include:

"(1) the place where the injury occurred,

"(2) the place where the conduct causing the injury occurred,

"(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

"(4) the place where the relationship, if any, between the parties occurred."

---

**3.** E. g., *Stewart v. Harris*, 434 P.2d 902 (Okl. 1967); *Catron v. First National Bank & Trust Co. of Tulsa*, 434 P.2d 263 (Okl.1967); and

*Fiedeer v. Fiedeer*, 42 Okl. 124, 140 P. 1022 (1914).

On remand, the Court is instructed to apply these principles in determining the choice of law questions which are presented.

REVERSED AND REMANDED WITH INSTRUCTIONS.

All the Justices concur.