In the Matter of the Accounting of SECURITY TRUST COMPANY OF ROCHESTER, as Executor of VIRGIL M. PALMER, Deceased.

Surrogate's Court, Monroe County, October 7, 1948.

*Charles J. O'Brien* for Virgil M. Palmer, Jr., and another, respondents.

*Charles McLouth* and *Stephen V. Lines* for Erna M. Palmer, in opposition to motion.

*Abraham Schulman,* special guardian for Virgil M. Palmer III, and others, infants, respondents.

*C. Frederic Jefferson* for executor, petitioner.

WITMER, S. Since filing the opinion (*Matter of Palmer*, 192 Misc. 385 [1948]) on the original motion to vacate the notice of examination before trial herein, a decision of the District Court of Pennsylvania has been published (*Kalmbacher* v. *Kalmbacher*, 63 Pa. D. & C. 195 [1945]), the same appearing in the weekly advance reports of Pennsylvania, published by The Legal Intelligencer of Philadelphia, Pa., for the week of July 26, 1948. That decision was unknown to counsel and this court at the time of the determination of the original motion herein and at the time of the entry of the order thereon on June 4, 1948. Respondents, Virgil M. Palmer, Jr. and Harold B. Palmer, appealed from that order. Thereafter they moved to reargue the original motion herein in the light of the newly discovered decision aforementioned. It is observed that the motion is not to reopen the proceeding to introduce newly discovered evidence under subdivision 6 of section 20 of the Surrogate's Court Act.

The sole purpose of a motion for reargument, as stated in Butler on New York Surrogate Law and Practice (Vol. 1, § 843, p. 517), " is to convince the court of the legal incorrectness of the result which it has announced. By reason of this basic characteristic, the remedy of reargument is unavailable where the result attained has been embodied in an order or decree, since the court, itself, possesses no authority to vacate an order or decree because it was legally erroneous." Surrogate WINGATE recognized these principles in *Matter of Grube* (169 Misc. 170, 193-194), where he said: " The law is well settled that the purpose of a reargument is to demonstrate to the court ' that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked; or that there has been a misapprehension of the facts.' (*Bolles* v. *Duff*, 56 Barb. 567, 574; to like effect, see *Banks* v. *Carter*, 7 Daly, 417, 423; *Matter of Crane*, 81 Hun, 96, 98.) Such a motion may not be made on an additional showing of facts, unless they have occurred since the making of the previous motion, unless permission to that end has expressly been accorded. (*Haskell* v. *Moran*, 117 App. Div. 251, 252; *DeLacy* v. *Kelly*, 147 id. 37, 38.) Ordinarily ' the motion for a rehearing must be based upon the original papers.' (*Hauser* v. *Herzog*, 141 App. Div. 522, 524.) "

It is apparent from the foregoing that the newly discovered Pennsylvania decision cannot be considered by this court on a motion to reargue. An order having been entered on the decision herein of May 27, 1948, this court has no authority to entertain the reargument for a review of its own alleged erroneous decision on a matter of law. (*Matter of Brennan*, 251 N. Y. 39;

*Matter of Starbuck,* 221 App. Div. 702, affd. 248 N. Y. 555; *Matter of Thompson,* 191 Misc. 168, affd. 274 App. Div. 850). In their brief respondents argue that since the newly found decision is Pennsylvania law, it constitutes a matter of fact and not law for the consideration of this court, and hence this is not a case of the court reviewing its own legal error but of considering a newly found fact. It is true that the newly discovered Pennsylvania decision is to be treated as a matter of fact here. (3 Beale, Conflict of Laws, § 621.1.) That is the theory underlying the 1943 amendment of the Civil Practice Act constituting section 344-a thereof, permitting the court to take judicial notice of foreign laws. As the authorities above quoted show, however, a reargument must be had on the original record except for facts occurring since the making of the original motion. The newly discovered decision relied upon herein is not such a fact occurring since the original motion, within the meaning of this rule. (See *Haskell* v. *Moran,* 117 App. Div. 251, 253; *De Lacy* v. *Kelly,* 147 App. Div. 37.) The motion for reargument is, therefore, denied.

Had respondents moved, under subdivision 6 of section 20, of the Surrogate's Court Act, to reopen the original proceeding herein and the order of June 4, 1948, the court would have authority to entertain the application on the theory that the new Pennsylvania decision is a new fact, as above indicated, which might well alter the result previously reached. (*Matter of Meltzer,* 248 App. Div. 645.) The Appellate Division has authority to receive such decision as an additional material fact for its consideration on the pending appeal. (Surrogate's Ct. Act, § 309.) This is a matter which should not be determined upon technical procedural ground; and so the court on its own motion (*Matter of Cohen,* 147 Misc. 570, 572; Surrogate's Ct. Act, § 20, subd. 6) reopens the prior proceeding herein for the purpose of taking judicial notice, which it hereby does under section 344-a of the Civil Practice Act, of the above-mentioned decision, *Kalmbacher* v. *Kalmbacher* (63 Pa. D. & C. 195, *supra*).

The *Kalmbacher* decision (*supra*) was rendered by the trial court upon facts which are substantially the same as those involved in the instant case. It " must be deemed persuasive ". (*Kettel* v. *Erie R. R. Co.,* 176 App. Div. 430, 432, affd. 225 N. Y. 727; *Smith* v. *Smith,* 255 App. Div. 652, 656.) Yet, in a matter involving as fine a point as does the instant case, where the highest court of the State of Pennsylvania has not ruled upon the question, the *Kalmbacher* decision does not relieve this court of its responsibility to apply the correct principles of

law as it sees them. (*People ex rel. Davidson* v. *Williams,* 85 Misc. 553, 555, affd. 164 App. Div. 900, affd. 213 N. Y. 130; *Montrose* v. *Baggott,* 161 App. Div. 494, 501–502.)

The *Kalmbacher* decision (*supra*), it is respectfully observed, follows the ruling in *Stull's Estate* (183 Pa. 625 [1898]) without recognizing the distinguishing facts and principles involved. Some of the authorities relied upon by this court in its original decision herein (*Matter of Palmer,* 192 Misc. 385, 390–391) were not in existence at the time of the *Kalmbacher* decision. As a matter of principle this court believes that its said decision is correct and that the law of the domicile of the parties is the law which Pennsylvania should, and presumably will, apply as its conflicts law in this situation.

The decision on the motion to vacate, opened in accordance herewith, is accordingly ratified and the motion is again granted.

Submit order accordingly.