Memorandum: We think that the provisions of the Pennsylvania statute (Divorce *793 Act of 1815, § 9; Purdon’s Pa. Stat., tit. 48, § 169) which prohibits a defendant, who has been divorced on the grounds of adultery, from contracting a marriage with the corespondent, are applicable only to a case in which the name or identity of the corespondent appears in the findings, judgment, or the evidence of the divorce proceedings (Matter of Beegle, 64 Pa. Superior Ct. 180). That is also the law in Louisiana, one of the few States that has a similar statutory prohibition against such marriages (Matter of Knupfer, 174 La. 1048). We find no reported case in either State which extends the prohibition of the statute to include a person not so named or identified in the divorce proceedings, consequently the subject matter of the examination is not material to the issue in this proceeding and the order vacating the notice of examination must be affirmed. All concur. (Three orders: [1] vacating notice of examination before trial; [2] denying objeetants’ [appellants’] motion for reargument and ratifying the previous decision and order; and [3] settling the record on appeal and excluding therefrom a certified copy of duplicate marriage certificate and application for marriage license. The proceeding is for the judicial settlement of the account of the executor of decedent.) Present- — -Taylor, P. J., MeCum, Vaughan, Kimball and Piper, JJ. [192 Mise. 385, on motion for reargument 193 Misc. 411.]