In the Matter of the Estate of JOSEPH P. DONLAY, Deceased. LUCY DONLAY, as Administratrix of the Estate of JOSEPH P. DONLAY, Deceased, Appellant; CHRISTINA M. DONLAY et al., Respondents.

Fourth Department, March 20, 1952.

*Charles O. Burney, Jr.,* for appellant.

*George T. McGreevy* for respondents.

TAYLOR, P. J.  The order denying appellant's motion to dismiss the petition for a decree revoking letters of administration issued to appellant as widow of the deceased rests upon the Surrogate's interpretation of section 9 of the Act of 1815 of the Commonwealth of Pennsylvania (Purdon's Penna. Stat. Annotated, tit. 48, Marriage, § 169; tit 23, Divorce, § 92), the pertinent part of which reads as follows:  '' The husband or wife, who shall have been guilty of the crime of adultery, shall not marry the person with whom the said crime was committed during the life of the former wife or husband;  *  *  * ''. From our examination of the Pennsylvania statutes and case law (Civ. Prac. Act, § 344-a), we conclude that the statute in question is inapplicable here, where decedent, divorced by New York State decree, went to Pennsylvania and married the named corespondent, then returned to New York and continued to reside there until his death.  In our opinion, the prohibition of the above-quoted statute against marriage of the adulterer and paramour applies only to residents of Pennsylvania divorced for adultery by decree of a Pennsylvania court.  (*Stack* v. *Stack,* 6 Dem. 280; *Matter of Palmer,* 192 Misc. 385, affd. 275 App. Div. 792; *Matter of Palmer,* 193 Misc. 411; *Lembcke* v. *United States,* 181 F. 2d 703.)  The learned Surrogate in this case appears to have misinterpreted our decision in *Matter of Palmer* (*supra*).  There the record of the divorce proceedings was entirely lacking in respect of the name or identity of the corespondent as required by Pennsylvania law; hence we did not reach the question involved in this case.  We have not overlooked *Kalmbacher* v. *Kalmbacher* (63 Pa. D. & C. 195) a decision of the Court of Common Pleas for Susquehanna County, but feel that it should not be followed for the reasons stated by

the Surrogate in *Matter of Palmer* (193 Misc. 411, *supra*) and *Lembcke* v. *United States* (*supra*). We are also of the opinion that the appeal from the order is proper as affecting a substantial right. (Surrogate's Ct. Act, § 288.)

The order appealed from should be reversed on the law, with $10 costs and disbursements, and the motion to dismiss the petition granted, with $10 costs.

All concur. Present — TAYLOR, P. J., McCURN, VAUGHAN, KIMBALL and WHEELER, JJ.

Order reversed on the law, with $10 costs and disbursements and motion granted, with $10 costs.