Gr. Robert Witmer, J.
The facts underlying these motions are that on December 2, 1956 the infant plaintiff, Janice Deuel, and defendant Rodney Deuel, being unmarried and residents of New York State, were riding in said defendant’s ear in the State of Pennsylvania, defendant driving and plaintiff as passenger, and were involved in an automobile accident in which plaintiff was injured. Defendant had casualty insurance on his automobile with the defendant Merchants Mutual Casualty Co. Plaintiff alleges in one of her causes of action that on December 14,1956 the agent of said company discussed with her the settlement of her claim arising from her injuries and told her that her impending marriage to defendant Rodney Deuel would not affect his company’s readiness to pay plaintiff’s medical bills and. lost wages, and to pay something for her suffering; and it is further alleged that on December 29, 1956 plaintiff, relying upon such representations, married defendant Rodney Deuel, and that since said time the defendant company has refused to pay plaintiff and asserts that the marriage terminated plaintiff’s claim. In this cause of action the plaintiff seeks damages against the defendant casualty company for fraud and deceit.
In the other cause of action plaintiff sues defendant Rodney Deuel, now her husband, for damages arising from his alleged negligence.
Defendants have moved for an order (1) dismissing the complaint as against defendant Rodney Deuel as being barred by plaintiff’s marriage to him, and if that motion be denied, (2) directing separate trials of the two causes of action.
It appears that in Pennsylvania the statute provides (48 Purdon’s Penna. Stats., § 11Í) that a married woman may sue and be sued civilly as though unmarried, “ but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property; nor may he sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property
*803 In a case similar to the one at bar, except that the plaintiff sued the defendant two or three weeks before she married him, a Pennsylvania court held that although the marriage did not extinguish plaintiff’s cause of action, it barred her from maintaining the suit so long as her marriage continued. (Cardamone v. Cardamone, 1927 [vol. 9], Pa. D. & C. 723.) Thus it was held in effect that the right remained but the remedy was barred, at least during the existence of the marriage.
Defendant claims that the case of Coster v. Coster (289 N. Y. 438) requires the dismissal of this action against the defendant Rodney Deuel. In the Coster case the facts were similar to the one at bar, except that the accident occurred in the State of Massachusetts. It was held that the Massachusetts statute (General Laws of Mass., ch. 209, § 6) as interpreted by the Supreme Court of Massachusetts in Lubowitz v. Taines (293 Mass. 39) afforded to plaintiff a substantive right which was limited by the provision that it did ‘ ‘ not authorize suits between husband and wife ’ ’, and that hence the complaint must be dismissed.
The holding in the Coster case that the subsequent marriage of the parties takes away a substantive right instead of a remedy in Massachusetts is “ the fly in the ointment ”. In the Cardamone case the Pennsylvania court indicates a contrary view, but since there is no substantial difference between the Massachusetts and Pennsylvania statutes in this respect, only a higher court or the Legislature may reach a different result here than was found in the Coster case.
Admittedly a cause of action arose in plaintiff’s favor as a result of the accident. After plaintiff married defendant, in the Cardamone case Pennsylvania law, as interpreted in that case, barred prosecution of her action in Pennsylvania during coverture. This provision of the statute was based on Pennsylvania’s public policy against permitting suits between spouses except in matters relating to matrimony.
Although New York formerly had the same law and public policy (Mertz v. Mertz, 271 N. Y. 466; Schultz v. Schultz, 89 N. Y. 644), that law has been changed (Domestic Relations Law, :§ 57; Rozell v. Rozell, 281 N. Y. 106), and there is now no law or public policy (see Mertz v. Mertz, supra, p. 472) in New York against one spouse suing another in negligence.
Thus plaintiff’s action against her husband in New York does not .concern Pennsylvania and her public policy because plaintiff and defendant are not her citizens, but reside in New York. Indeed, were plaintiff able to secure jurisdiction of defendant in Pennsylvania without defendant losing his New York residence *804 and acquiring a Pennsylvania residence, and were she then to sue her action in Pennsylvania, the Pennsylvania courts themselves should not bar this cause of action. (See Matter of Palmer, 192 Misc. 385, 391, affd. on other grounds 275 App. Div. 792, but approved and followed on this ground in Lembcke v. United States, 181 F. 2d 703, and Matter of Donlay, 280 App. Div. 37.) In other words the rule of the Cardamone case, applicable to Pennsylvania residents, is not applicable to bar New York residents whose State permits the action.
Likewise since New York has no law or policy against entertaining this cause of action which had accrued to plaintiff under Pennsylvania law, it should not set up an artificial barrier to defeat plaintiff’s right. That is what is done when we label the limiting provision of the Massachusetts statute “ substantive.” The limitation in fact goes only to the remedy because of the public policy of Massachusetts, and in this case of Pennsylvania. Since the provision against a person suing his spouse is not consonant with New York law or public policy, it should not be given effect here. Else another State is legislating for us. As was said in an obverse situation, “ No other State can, outside of its own territorial limits, remove that disability or provide by its law a remedy available in our courts which our law denies to other suitors.” (Mertz v. Mertz, 271 N. Y. 466, 473, supra.) In New Amsterdam Cas. Co. v. Stecker (3 N Y 2d 1, 5), Chief Judge Conway said, “ Indeed, to apply the law of Connecticut in determining what the contract of the parties was would be to give extraterritorial effect to the laws of that State, a result which is proscribed by established principles of law ’ ’.
It is patent that, since plaintiff had a valid cause of action against defendant Eodney Deuel before she married him in New York on December 29, 1956, it is only by the application of Pennsylvania law and the giving of extraterritorial effect to Pennsylvania law here, that it may be held that she is barred in her action.
Hence, except for the Coster decision, I should sustain said cause of action. In view of the Coster decision, however, I grant defendant’s motion to dismiss said cause of action, without prejudice to the right of the plaintiff to reinstitute the same in the event of a change in the Coster rule, by statute or decision, or in case of the happening of any other event which might, within due time, remove plaintiff’s disability.
In the event plaintiff’s disability should be removed before the action against the defendant Merchants Mutual Casualty Co. is tried and the plaintiff then resumes her action against her *805 husband, the two causes of action should not be tried together, but in such case plaintiff should have trial of the action against her husband first.
Submit order accordingly.