Frank 8. McCullough, J.
This is a motion by the plaintiff for an order pursuant to rule 109 of the Buies of Civil Practice to strike from the answer the defendant’s separate, distinct and affirmative defense contained in paragraphs “ 3 ” through “ 8 ” of the answer.
The complaint alleges that on or about July 2, 1960, the plaintiff was injured in an accident on the Pennsylvania Turnpike, while a passenger in an automobile owned and operated by the defendant. The accident occurred within the State of Pennsylvania. The complaint alleges that the injuries were sustained by reason of the defendant’s negligence.
The answer consists of a general denial, and an affirmative defense that the accident having occurred in Pennsylvania, and the parties having been married after the accident, the suit is barred under Pennsylvania law.
The pertinent Pennsylvania statute states: “Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; but she may not sue her husband, except in a proceeding for divorce, or in a proceeding to protect and recover her separate property * * * nor may she be arrested or imprisoned for her torts.” (Purdon’s Pa. 8tat., tit. 48, § 111.) It has been held that under Pennsylvania law, one spouse cannot sue the other for an ante-nuptial personal injury tort. (Bohenek v. Niedzwiecki, 142 Conn. 278; Pryor v. Merchants Mut. Cas. Co., 12 Misc 2d 801.)
In the instant case, the parties were married shortly after the plaintiff had commenced suit. In Cardamone v. Cardamone (9 Pa. Dist. & C. Rep. 723) the plaintiff married the defendant *613 shortly after commencing an action against him for injuries allegedly sustained in an automobile accident. The court held that although the marriage did not extinguish the plaintiff’s cause of action, it barred her from maintaining the suit so long as the marriage continued.
The decision of this court might necessarily hinge upon whether the Pennsylvania law or the New York law applies, and this in turn depends upon whether the right of the wife to bring and maintain a suit to recover damages against her husband is a substantive right or a mere matter of remedy.
The Court of Appeals decided this question in Coster v. Coster (289 N. Y. 438, 442) when it ruled on a Massachusetts statute similar to the Pennsylvania law here involved: “ Under the laws of Massachusetts, the plaintiff was competent to sue Coster to recover damages for personal injuries due to his negligence since she was not his wife at the time of the occurrence of the accident and at the time of bringing suit, but her subsequent marriage to Coster extinguished her right to maintain the action. (Massachusetts General Laws, ch. 209, § 6; Lubowitz v. Taines, supra [293 Mass. 39].) The doctrine of identification still bars the maintenance of such a suit in that State by a married woman against her spouse. In this State, our public policy is to the contrary. (Domestic Relations Law, § 57; Cons. Laws, ch. 14; Insurance Law, § 167, subd. 3; Rozell v. Rozell, 281 N. Y. 106, 110.) Her right to bring and to maintain the suit and to recover damages against her spouse is a substantive right, and a part of her cause of action and not a mere matter of remedy. (Sapone v. N. Y. C. & H. R. R. R. Co., 130 Misc. 755; Mertz v. Mertz, 271 N. Y. 466.) As to substantive rights, the lex loci, not the law of the forum, controls and will be enforced in the courts of the forum in a transistory action such as this unless our public policy forbids. (Kiefer v. Grand Trunk Ry. Co., 12 App. Div. 28; affd., 153 N. Y. 688; Loucks v. Standard Oil Co., 224 N. Y. 99, 106; Mertz v. Mertz, supra.) But our public policy to permit the maintenance by one spouse of a suit against the other to recover damages for personal injuries does not require or authorize our courts to ignore foreign law affecting substantive rights where such law merely differs from our own. To render the foreign law unenforceable here as contrary to our public policy under such circumstances, it must additionally violate ‘ some fundamental principle of justice, some prevalent conception of good morals, some deep-rooted tradition of the common weal (Italics supplied.)
Although the Coster decision has been criticized, it is apparently still the law of this State. (Pryor v. Merchants Mut. Cas. Co., supra; Riley v. Capital Airlines, 24 Misc 2d 457, 464.)
*614 Accordingly, this court is constrained to rule that the Pennsylvania statute is applicable and the defense interposed is a proper one which may not he stricken. The motion is denied.