■ BARBARA LAUTERBACH, Appellant, v. DAVID FLEISCHER, Respondent.— In an action to recover damages for personal injuries sustained by plaintiff, a passenger in defendant's automobile, as the result of an accident in the State of Pennsylvania, plaintiff appeals from an order of the Supreme Court, Westchester County, dated October 23, 1961, which denied her motion, made pursuant to rule 109 of the Rules of Civil Practice, to strike out as insufficient

the affirmative defense in defendant's answer that the action is barred under the law of Pennsylvania, since after the accident the plaintiff and defendant intermarried. Order affirmed, with $10 costs and disbursements. On the date of the accident in Pennsylvania and at the time of the commencement of this action to recover damages for the personal injuries resulting from that accident, plaintiff was not married to defendant. The parties were married shortly thereafter. Under the law of Pennsylvania a married woman may not sue her husband for damages for personal injuries resulting from her husband's negligence, whether the negligence occurred before or after the marriage. In this action brought in New York, defendant set up the law of Pennsylvania as a defense. The Special Term held this defense to be good. We agree. If the right of plaintiff to bring and to maintain the action and to recover damages against her spouse is substantive, the law of Pennsylvania controls; if the right is procedural, the law of New York controls (*Coster* v. *Coster*, 289 N. Y. 438). Whether a given question is one of substance or one of procedure is determined by the law of the forum, and not by the law of the place where the cause of action arose (*Kilberg* v. *Northeast Airlines*, 9 N Y 2d 34, 41). Under the law of New York, the right to bring and maintain the suit and to recover damages is substantive (*Coster* v. *Coster, supra*, p. 442). Therefore, plaintiff's right is governed by Pennsylvania law which bars the action during the existence of the marriage relationship; it is immaterial that under Pennsylvania law that right may be procedural. Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur. [32 Misc 2d 612.]