George W. Herz, J.
The plaintiff, Florence Keller, sues the defendant Ronald John Orbaczewski and two others in negligence to recover for personal injuries sustained in an automobile accident in New Jersey. Since the accident she has married the defendant Ronald John Orbaczewski and is now his wife. Said defendant moves for leave to serve a supplemental answer on the ground that the marriage occurred ‘ ‘ subsequent to the commencement of this action.” He seeks to plead, as an affirmative defense, that under the laws of the State of New Jersey the said plaintiff, presently being his wife, does not have a cause of action against him since pursuant to the Jersey statute “ a married woman may not sue her husband for personal injuries.”
Section 37:2 — 5 of the New Jersey Statutes Annotated provides : ‘ ‘ Nothing in this chapter contained shall enable a husband or wife to contract with or to sue each other, except as heretofore, and except as authorized by this chapter.”
The Supreme Court of New Jersey, in Koplik v. C. P. Trucking Corp. (27 N. J. 1), interpreted that section as barring an action for tort by a wife against a husband, even though the tortious act was committed before the marriage. In New York a wife may sue her husband in tort. (Domestic Relations Law, § 57.)
The question here presented is, does the plaintiff, despite the prohibition of the Jersey statute, have a cause of action in New York?
The movant urges that the court should not now concern itself with the sufficiency of the proposed supplemental answer and that leave to serve the same should be granted and the sufficiency thereof determined later upon a motion by the plaintiff to strike the said affirmative defense as insufficient in law.
It is recognized that ordinarily upon a motion such as this the court will not concern itself with the sufficiency of the proposed pleading (4 Carmody-Wait, New York Practice, § 25, p. 566), and further that subdivision (b) of rule 3025 of the Civil Practice Law and Rules provides that leave to serve supplemental pleadings ‘ ‘ shall be freely given ’ ’. However, where the insufficiency of the proposed pleading is clear, and free from doubt, as a matter of law, it would serve no useful purpose to grant leave to serve a supplemental pleading. Leave to serve a supplemental pleading, under such circumstances, does not benefit the plaintiff and results only in wasting the time of the trial court and causing unnecessary expense in the administration of justice.
*257 The court appreciates that the Civil Practice Law and Rules was intended to be liberally construed. Such liberal construction, however, does not warrant granting leave to serve a supplemental proceeding when it will avail the plaintiff nothing and result in the waste of judicial man hours. (Stanford v. Cayuga Linen & Cotton Mills, 255 App. Div. 928; Bedarf v. Rosenbaum, 286 App. Div. 1103.)
Lauterbach v. Fleischer (16 A D 2d 701), relied upon by the plaintiff, is no longer controlling, in the.light of Babcock v. Jackson (12 N Y 2d 473). The law controlling in the instant application is found in Babcock v. Jackson (p. 483): “ The issue here, however, is not whether the defendant offended against a rule of the road prescribed by Ontario for motorists generally or whether he violated some standard of conduct imposed by that jurisdiction, but rather whether the plaintiff, because she was a guest in the defendant’s automobile, is barred from recovering damages for a wrong concededly committed. As to that issue, it is New York, the place where the parties resided, where their guest-host relationship arose and where the trip began and was to end, rather than Ontario, the place of the fortuitous occurrence of the accident, which has the dominant contacts and the superior claim for application of its law. Although the rightness or wrongness of defendant’s conduct may depend upon the law of the particular jurisdiction through which the automobile passes, the rights and liabilities of the parties which stem from their guest-host relationship should remain constant and not vary and shift as the automobile proceeds from place to place.”
Koplik v. C. P. Trucking Corp. (27 N. J. 1, supra), substantiates the position that where a conflict of laws is involved the capacity of a spouse to sue is determined by the lex fori rather than the lex loci. At pages 11 to 12 the court said: “As a final word on the subject, we hold the view that even where an actual conflict of laws problem is directly presented, it is sensible and logical to have disabilities to sue and immunities from suit arising from the family relationship determined by reference to the law of the state of the family domicile when the suit is brought in that state. Otherwise, the lex loci will be permitted to interfere seriously with a status and a policy which the state of residence is primarily interested in maintaining.”
“The law of the forum determines the jurisdiction of the courts, the capacity of parties to sue or to be sued, the remedies which are available to suitors and the procedure of the courts. *258 * * * Our courts are not concerned with the internal policy of the State which created the cause of action. They are concerned solely with the law of this State which determines the jurisdiction of its courts and the remedies that may be accorded here.” (Mertz v. Mertz, 271 N. Y. 466, 473.)
The motion is denied.