Edward G. Baker, J.
In this action by plaintiff wife to recover damages for personal injuries and by her husband to recover for loss of services and medical expenses, plaintiffs mové for an order granting leave to issue, file and serve a supplemental *951 summons and amended complaint so as to include as parties defendant in the action two foreign insurance companies which insured the deceased, Nathan Vasquez, against claims arising out of personal injuries sustained in connection with the use and operation of his motor vehicle. The action arises out of an automobile accident which occurred in France on October 27, 1960. At the time plaintiffs and Vasquez were military charges of the United States Government stationed in France. Plaintiff wife was a passenger in an automobile owned and operated by Vasquez which was in collision with another vehicle. As a result of the accident she sustained injuries for which she seeks to recover in this action.
It appears that under French law every motorist is required to be insured; and that in any suit arising out of a motor vehicle accident, brought against an insured tort-feasor or his agent, his insurance carrier must be named in the action as a codefendant. Under the law of France an action in tort may be brought either at the place where the tort occurred or at the legal domicile of the tort-feasor.
As plaintiffs contend, their right (indeed, their obligation) under the law of France to include as defendants in this action the owner’s liability insurance carriers is a substantive right, part of their cause of action, and not a mere matter of remedy. It has been held in this State that ££ As to substantive rights, the lex loci, not the law of the forum, controls and will be enforced in the courts of the forum in a transitory action * * * unless our public policy forbids ” (Coster v. Coster, 289 N. Y. 438, 442 and cases there cited).
Defendant, in opposition to the motion, contends that in this action, in which plaintiff seeks a trial by jury, the joinder as defendants of the insurance carriers would be prejudicial and violative of the public policy of the State of New York. In support of his position defendant points out that in France an action such as this would be tried by the court without a jury and no prejudice would result by reason of the joinder of the insurance carriers as defendants in the action.
The question then, here to be determined, is whether the public policy of New York forbids the enforcement here of plaintiffs’ right under French law to include as defendants in this action the two insurance carriers.
It has long been held in our State that £ £ Evidence that the defendant in an action for negligence was insured in a casualty company, or that the defense was conducted by an insurance company, is incompetent and so dangerous as to require a reversal even when the court strikes it from the record and *952 directs the jury to disregard it, unless it clearly appears that it could not have influenced the verdict ” (Simpson v. Foundation Co., 201 N. Y. 479, 490). In this day and age of compulsory liability insurance the rule may seem unrealistic. Nevertheless, so far as this court is aware, it continues to be the rule today.
Morton v. Maryland Cas. Co. (1 A D 2d 116) supports the defendant’s position. In that case plaintiff, a New York resident, commenced an action in Supreme Court, Kings County to recover damages for personal injuries sustained in an automobile accident which occurred in Louisiana. Maryland Casualty Company, the insurer of the vehicle in which plaintiff was a passenger was named as a defendant in the action. The law of Louisiana provided for the right of an injured party to bring a direct action against an insurance carrier for personal injuries sustained in that State. Maryland’s application for summary judgment was denied at Special Term. The Appellate Division reversed upon two grounds, 1) that the Louisiana statute under consideration limited the right of action it created to an action brought in the specified parishes in Louisiana and that the courts in that State have so held; and 2) that the enactment (permitting a direct right of action against the insurance carrier) is opposed to the public policy of this State, as expressed in our own statutes and judicial decisions, and as such is not enforcible in our courts.
The Court of Appeals (4 N Y 2d 488, 493) affirmed upon the first ground only “ since it without more [was] sufficient basis for dismissal.” However, recognition of the continuing validity of the rule stated in Simpson v. Foundation Co. appears to be implicit in the following excerpt from the court’s opinion (p. 493): “ The Appellate Division, dismissing the suit, assigned two reasons for nonenforcibility in New York: first, that under the statute’s language and its interpretation in Louisiana the venue restriction to certain parishes is an integral part and limitation of the right of action; and, second, that such a direct action against an insurance company is in opposition to New York’s public policy of eliminating from the jury’s consideration the fact of insurance (see Simpson v. Foundation Co., 201 N. Y. 479; Smith v. Majestic Iron Works, 2 N Y 2d 544).” (Emphasis supplied.)
In Kelly v. Yannotti (4 N Y 2d 603), the Court of Appeals reversed the Appellate Division, Second Department (4 A D 2d 767) which had refused to sever a cross claim against an insurance carrier which cross claim alleged “that the third-party defendant issued a policy of insurance under which it was obligated to indemnify the defendant-respondent if the latter *953 were found liable to the plaintiffs. In its answer, the third-party defendant alleged, in effect, that the ‘ explosion ’ involved in the main action was not covered by the policy of insurance. The combined action was noticed for trial and a jury demanded. Thereupon, the third-party defendant, envisaging a trial which would be infected with prejudice, moved * * * to sever the main action from the third-party action.” (4 N Y 2d 603, 605.) In reversing, the Court of Appeals wrote: “The basic question may be pointed up thus: Must an insurance company, which wishes to disclaim coverage under its policy of insurance, do so only at the price of subjecting itself to very probable prejudice (because, if it denies coverage, its insured will bring it into a pending action as a third-party defendant) ? We think not — for the same reason that an insurance company is not allowed to be prejudiced in the ordinary negligence action where the insurance company admits coverage and is, in effect, the real defendant.” (Id., p. 608; emphasis in original.)
The holding in Kelly v. Yannotti has been followed in many cases in the courts of our State. It seems clear that the public policy of our State, as expressed in the decisions of our appellate courts forbids a direct right of action against an insurance carrier where the case is to be tried before the court and a jury such as the instant case.
The motion is denied, unless plaintiffs waive a jury and stipulate within 10 days after service of a copy of the order to be entered hereon, to proceed to trial before the court without a jury, in which event, the motion will be granted. Should a jury trial be waived, the declared public policy of this State will not be violated, and plaintiffs will be in the same position in which they would have been had the action been brought in France where the accident occurred.