■ EMANUEL GREENWALD, Appellant, v. HOWARD STORES CORPORATION, Respondent.— In an action to recover damages for breach of a contract of employment, the plaintiff appeals from an order of the Supreme Court, Kings County, entered July 7, 1964, which denied his motion for leave to serve an "amended" (actually a supplemental) complaint. Order reversed, with $10 costs and disbursements, and plaintiff's motion granted. Plaintiff may serve his amended or supplemental complaint within 30 days after entry of the order hereon. In our opinion, the denial of leave to serve the supplemental complaint was an improvident exercise of discretion. Such leave should be freely given (CPLR 3025). So far as the merits of the proposed pleading are concerned (cf. *Keller* v. *Greyhound Corp.,* 41 Misc 2d 255, 256–257), the second cause of action may be read as alleging a superseding agreement (as distinguished from an executory accord) made prior to suit; such a superseding agreement would be enforcible even though not in writing (cf. *Goldbard* v. *Empire State Mut. Life Ins. Co.,* 5 A D 2d 230). The fact that said cause of action is inconsistent with the first cause of action is not fatal to plaintiff's present application (cf. *Neco Distrs. Corp.* v. *Wilkoff,* 7 A D 2d 903). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.

■ GEORGE HERTZ, Appellant, v. HOWARD MONTLACK et al., Doing Business as HARMON SUNOCO SERVICE STATION, Respondents.— In a negligence action to recover damages for personal injury, the plaintiff appeals from a judgment of the Supreme Court, Queens County, entered November 23, 1964 after a jury trial, upon the court's decision, in favor of the defendants, dismissing the complaint as a matter of law at the end of plaintiff's case. Judgment reversed on the law and a new trial granted, with costs to plaintiff to abide the event. No issues of fact were considered. In our opinion, under the circumstances here, jury questions were presented as to defendants' negligence and plaintiff's freedom from contributory negligence (*Axelrod* v. *Krupinski,* 302 N. Y. 367; *Faso* v. *City of New York,* 18 A D 2d 1005). Plaintiff having made out a prima facie case, it was error to dismiss the complaint as a matter of law. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.

■ MARION D. HAIGHT, Respondent, v. GILBERT L. HAIGHT, Appellant.— Motion by appellant to stay judgment, pending appeal therefrom, denied; stay in order to show cause of July 7, 1965 vacated. Cross motion by respondent for counsel fees denied without prejudice to an application at Special Term, if respondent be so advised. Beldock, P. J., Ughetta, Brennan, Hill and Rabin, JJ., concur.