VIRGINIA KJELDSEN et al., Plaintiffs, *v.* JOHN W. BALLARD, III, et al., Defendants.

Supreme Court, Special Term, Suffolk County, February 14, 1967.

*Vincent T. Aiello* for plaintiffs. *Terhune, Gibbons & Mulvehill* for Colonial Sand *&* Stone, defendant. *Anthony R. D'Andrea* for John W. Ballard, III, defendant.

JACK STANISLAW, J. In this personal injury action the defendant Ballard moves for summary judgment dismissing the complaint against him based upon allegedly improper service and for the reason that the laws of the State of Virginia, said to be applicable, do not permit the action. The plaintiff Virginia Kjeldsen married Ballard subsequent to the accident, and it is argued

that in so doing she wiped out her ability to maintain the cause of action under Virginia law.

On January 30, 1966 the plaintiff was injured in an automobile accident which took place in New Jersey. Ballard, a Virginia domiciliary, was visiting plaintiff at her parents' home in New York. Plaintiff was attending school in Virginia and had come home for the week end. During the course of defendant's visit, during which time he was a guest of plaintiff and her parents, both parties left for a trip to New Jersey, to meet some friends. On the way back and while still in New Jersey the accident happened. On March 24, 1966 the parties were married in Virginia.

It is Ballard's position that plaintiff's residence before and at the time of the accident was in Virginia. There is no question but that she was living in that State while a student at a Virginia school. The marriage certificate, though dated some two months after the accident, verifies plaintiff's " residence: city or county mailing address " as the school which she then was still attending. These facts form the basis of defendant's motion based upon supposedly controlling Virginia jurisdictional law.

Even before we can get to the question of applicable law there is the issue of service to be disposed of. Defendant relates that a summons was handed to him by his wife within the State of Virginia. Since service was by a party it is invalid (CPLR 2103, subd. [a]). This is not denied, but personal service upon the defendant within the State of New York subsequent to that first attempted service and even to the bringing of this motion is demonstrated and not disputed. Plaintiff asks that we proceed to the substantive issue in view of this later presumably effective service.

Personal service on Ballard was initially invalid because completed by an improper person. There is some authority to the effect that such service, though jurisdictionally defective, is an irregularity which may be waived or disregarded (*Ahner* v. *New York, New Haven & Hartford R. R. Co.*, 14 N. Y. S. 365; see 3 Carmody-Wait 2d, New York Practice, 24:63). If an objection to service as having been made by an improper person might be categorized as " trivial * * * at most, and * * * not encouraged " in the cited case (p. 366) decided in 1891 we are hard put to hold otherwise after more than 75 years of liberalizing procedural development. The irregularity in service has been corrected and thus may now be deemed proper *nunc pro tunc* so as to afford us jurisdiction for the determination of the issue of applicable law.

The parties are at odds regarding the factual and policy considerations which should or should not motivate a New York court to find the law of this State applicable and relevant given the facts of this case. Our appraisal must necessarily proceed from divergent interpretations of *Babcock* v. *Jackson* (12 N Y 2d 473) and subsequently enunciated holdings. Of course, *Babcock* established the principle that the dispositive law should be that of the jurisdiction with the greatest concern with the subject matter of the action. Therefore, as a matter of highest judicial fiat, we must apply New York law to the case before us if we find the requisite overriding interest of this State present. Conversely, we will apply the law of Virginia or of New Jersey based upon the same primary and preliminary considerations *unless* to do so would be contrary to our public policy (*Oltarsh* v. *Aetna Ins. Co.*, 15 N Y 2d 111). In the latter event, another jurisdiction presumably would apply the controlling but unpalatable law.

New Jersey contacts with this action are entirely fortuitous. The accident occurred in that State but it has no other real or significant interest in the issue presented. That issue of controlling law revolves around divergent statements of policy regarding the marital relationship as between New York and Virginia. It is apparently the policy of the latter that a wife may not bring suit against her husband for antenuptial torts. Additional complication is introduced by the plaintiff's residence in Virginia prior to the accident though a New York domiciliary.

With regard to the events immediately preceding the accident we have no doubt but that New York had the most important contacts. The trip was planned at the home of plaintiff's parents where both parties were staying for a few days. Plaintiff was, at the time, properly within the protection of the laws of this State despite the fact that the majority of her time was and had been spent residing in Virginia as a student. Defendant had come to this State, albeit temporarily, and the trip itself originated and was to culminate here.

As against these dominant New York *physical* contacts with the particular occurrence there is the relatively intangible Virginia prior concern with the parties themselves and then with their relationship which was created there subsequent to the accident. There seems to be little doubt but that the parties are now subject to Virginia law, and were so previously while they lived there, though plaintiff's residence was based upon her attending school. The case is somewhat unusual in facts which present an unrelated post-accident event as bearing upon the significance of contacts available from which a choice of law is to be made.

Considerations of domicile alone will not necessarily suffice to support an application of New York policy and law (*Dym* v. *Gordon,* 16 N Y 2d 120). Assuming plaintiff's New York domicile and adding to it the " origination-of-the-trip " aspect of this action varies the issue just a bit more. Against this is Virginia's preliminary interest in persons residing within its boundaries, whether domiciliaries or semi-transients, and its later more specific posture vis-a-vis a marital relationship existing within its borders. Its present interest in this marital relationship must be conceded for purposes of determining the application of controlling law.

We know that a New York marital relationship and the ramifications thereof will prevail in the face of an occurrence in a foreign State whose laws permit an action within the relationship contrary to our own (*Mertz* v. *Mertz,* 271 N. Y. 466). In the instant case, although the relationship was created following the actionable incident it is buttressed by the lesser foreign State interest preceding it and of course the much greater one thereafter. Under the circumstances, it is our opinion that the Virginia contacts are of greater over-all significance than those of New York and its law must be applied. This is not to intimate that people should avoid being married in the State of Virginia. These parties were not only married there, they are domiciled there now. We consider not only the inception of the relationship but more importantly its continuance in Virginia. If the State's policy is what it is claimed to be it would be illogical to suppose that it is directed or effective with regard to antenuptial Virginia torts *only*. Virginia has this overriding concern where the marital relationship persists within its jurisdiction; that concern is simply a logical extension, in reverse, of the *Mertz* case (*supra*).

It is interesting to note that New Jersey law is similar to that of Virginia insofar as it states a wife's disability to sue her husband for an antenuptial tort (cf. *Kell* v. *Henderson,* 47 Misc 2d 992, affd. 26 A D 2d 595). Then one other argument made by plaintiff is deserving of further comment: Suppose the parties had not married after this accident, then what? Would the result not be otherwise and New York law invoked? The proposition rests upon a variation of fact, of relationship, which is the fulcrum of our determination. The result might very well be something other than what it is, but that might be expected by the theoretical excision of the basis for the greatest concern of the State of Virginia.

In a fairly recent case in this State it was held that a wife might sue her husband in New York for his premarital tort

though it took place in a sister State barring the cause of action (*Keller* v. *Greyhound Corp.*, 41 Misc 2d 255). However, that decision is not clear as to the State of the marital *res,* and in the absence of any discussion of the propriety of the New York forum in the first instance it seems a. fair presumption that the parties were domiciliaries of this State. If that be assumed the decision follows naturally, in that the *lex fori* controlled over the *lex loci.* It is one proposition to permit New York law to prevail in a suit by one New York spouse against another in this State regardless of the law of the State of the occurrence and quite another to apply our law to a foreign marital relationship. In this aspect the *Keller* case simply recites the corollary of the rule we have indicated as in point in the instant case and flows normally from the *Mertz* holding noted already. The motion is granted.