Sahihian CHOWDRY

v.

Homer R. CUNNINGHAM, Metals Development Company, and Evans Truck Rental, Inc.

v.

Ibrahim CHOWDRY.

Civ. A. No. 68–1534.

United States District Court
E. D. Pennsylvania.

March 14, 1969.

Richard M. Shusterman, Philadelphia, Pa., for defendants.

Peter P. Liebert, III, Philadelphia, Pa., for third-party defendant.

## MEMORANDUM AND ORDER

### MASTERSON, District Judge.

On July 17, 1968, Sahihian Chowdry, and her husband, Ibrahim Chowdry, both of whom are citizens and residents of the State of New York, instituted an action in this Court against Homer R. Cunningham, a citizen and resident of the Commonwealth of Pennsylvania, and the Metal Development Company and Evans Truck Rental, Inc., both of which are corporations organized under the laws of the Commonwealth of Pennsylvania which have their principal places of business here. Federal jurisdiction was alleged on the basis of the diversity of citizenship of the parties and an amount in controversy in excess of $10,000.00. Title 28 U.S.C. § 1332.

In their complaint the Chowdrys charged the defendants with liability for damages which they assert they sustained as a result of an accident on or about January 24, 1967, near Edison, New Jersey. At the time of the accident the defendant Cunningham, allegedly acting as the agent and/or servant of the defendant Metals Development Company, was driving a truck owned by the defendant, Evans Truck Rental, Inc. The Chowdrys claim that Cunningham negligently operated his vehicle causing it to collide with the rear of an automobile in which they were riding.

On October 23, 1968, Judge Alfred L. Luongo of this Court granted the defendants' motion to sever the claim of Ibrahim Chowdry from that of his wife, Sahihian Chowdry, and to join Ibrahim Chowdry as a third-party defendant to the suit. Shortly afterwards the defendants filed a third-party complaint claiming that the accident referred to in the plaintiff's, Sahihian Chowdry's complaint, was caused at least in part by the negligence of Ibrahim Chowdry who now was named as a third-party defendant. The third-party plaintiffs requested contribution and/or indemnity from Mr. Chowdry in the event that there was a finding against them in the principal suit.

Currently before the Court is a motion by the third-party defendant Ibrahim Chowdry to dismiss the third-party complaint on the grounds that New Jersey law prohibits one spouse from suing another even indirectly through a third-party complaint. The third-party plaintiffs have opposed the motion by contending that the applicable law is either the law of Pennsylvania or New York, rather than that of New Jersey, and that under the law of either state, a husband may be liable to answer as an additional defendant by way of contribution to a third person sued by his wife for personal injuries. The court has concluded that the third-party defendant's motion to dismiss should be denied.

Since this is a diversity case the Court is obligated to apply the law of the

forum state, Pennsylvania, including its choice of law principles and the rules governing contribution among tortfeasors, to all matters which may be determinative of the outcome of the litigation. See generally, Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109–112, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945), Hoeflich v. William S. Merrell Co., 288 F.Supp. 659, 660 (E.D.Pa., 1968), and Bohn v. American Export Lines, 42 F.Supp. 228, 229 (S.D.N.Y., 1941), and, in regards to conflicts principles Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941), and Scott v. Eastern Air Lines, Inc., 399 F.2d 14, 22 (C.A.3, 1968).

■ If the accident in question had occurred in Pennsylvania and the Chowdrys were residents and citizens of this state, the motion to dismiss would be denied since Pennsylvania law authorizes the joining of one sponse as a defendant for purposes of contribution in an action brought by the other spouse against a third person. See, Kiser v. Schlosser, 389 Pa. 131, 133, 132 A.2d 344 (1957), Restifo v. McDonald, 426 Pa. 5, 7, 230 A.2d 199 (1967), and, generally 52 Cornell Law Quarterly 407, 408–409 (1967). Because the accident did not occur in Pennsylvania, and because the Chowdrys are residents and citizens of New York, it is clear, however, that the courts of Pennsylvania would apply the law of New York to this issue of intra-familial liability. See, Griffith v. United Air Lines, Inc., 416 Pa. 1, 14–15, 203 A.2d 796 (1964), and McSwain v. Mc-Swain, 420 Pa. 86, 91–97, 215 A.2d 677 (1966).

■■ The law of New York clearly permits a spouse to be joined as a defendant for purposes of contribution in a suit initiated by the other spouse against a third person. See, Section 3–313(2), General Obligations Law, Vol. 23A, Mc-

Kinney's Consol.Laws, c. 24–A, p. 80, and generally, Pryor v. Merchants Mutual Casualty Co., 12 Misc.2d 801, 174 N.Y.S. 2d 24, 26 (1958), and Keller v. Greyhound Corp., 41 Misc.2d 255, 244 N.Y.S. 2d 882, 883 (1963). Accordingly, it is hereby ordered that the third-party defendant's motion to dismiss is denied.[1]

1. The result would be the same even if it were assumed that the courts of Pennsylvania would apply the law of New Jersey, for the courts of that state in turn would apply the law of the state of residence, New York, to the issue of intra-familial liability. See, Koplik v. C. P. Trucking Corp., 27 N.J. 1, 11–12, 141 A.2d 34 (1958).