**UNITED STATES of America, Plaintiff,**

v.

**Leta MOORE, Defendant.**

**No. 69–16 Civil.**

United States District Court, M. D. Pennsylvania.

March 27, 1970.

S. John Cottone, U. S. Atty., Scranton, Pa., for plaintiff.

Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for defendant.

MEMORANDUM

NEALON, District Judge.

Before the Court is a motion for summary judgment pursuant to Rule 56(b)

and (c) of the Federal Rules of Civil Procedure by defendant, Leta Moore. The United States has instituted this lawsuit under the Medical Care Recovery Act, 42 U.S.C. §§ 2651–2653, to recover the reasonable value of the medical care and treatment which it furnished to Sgt. John W. Moore, the husband of Leta Moore, and their three children as a result of an automobile accident on July 15, 1965. At that time, Leta Moore was operating an automobile on the Pennsylvania Turnpike with her husband and children as passengers when, due to her negligence, the vehicle went out of control and overturned, injuring her husband and children. Since Sgt. Moore was a member of the United States Air Force, he and his children received medical care and treatment at the expense of the United States Government.

Three questions [1] are raised by the defendant in her motion for summary judgment: (1) whether Pennsylvania or Maine law controls; (2) whether the doctrine of interfamilial immunity precludes recovery by the United States from a negligent spouse under the Medical Care Recovery Act for the reasonable cost of medical treatment furnished the other spouse and their children, and (3) whether the Medical and Dental Care Act, 10 U.S.C. §§ 1071–1085, precludes recovery under the Medical Care Recovery Act, supra.

■ "All Courts which have considered the question have agreed that the (Medical Care Recovery Act) gives the United States an independent right of recovery against the tortfeasor; the United States is not merely subrogated to the injured party's claim." United States v. Housing Authority of Bremerton, 415 F.2d 239 (9th Cir. 1969). Defendant contends, however, that a condition precedent to this independent right is the existence of " * * * circumstances creating a tort liability upon some third person * * * to pay damages therefor * * *." 42 U.S.C. § 2651. Reliance is placed by defendant on the doctrine of inter-spousal and parent-child immunity in arguing that there are no circumstances in this case creating tort liability on the part of Leta Moore. The Government, on the other hand, argues that these doctrines are mere procedural defenses and have consistently been restricted to direct suits between members of the family unit.

■ A preliminary area in this case is a choice of law question, viz., which State's law should govern? As a Federal Court, we are bound by Pennsylvania choice of law principles and, thus, our task is to approach this matter in the same manner as a Pennsylvania State Court. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In this case, a career Air Force Officer, his wife and family, domiciliaries of Maine, were injured in a one-car accident while traveling through Pennsylvania. Defendant urges the application of Maine law, although contending additionally that the result will be the same under controlling Pennsylvania law. The United States urges application of Pennsylvania law, contending that it is the jurisdiction most intimately concerned with the outcome of this litigation.

Simply because interstate parties and events are involved in a lawsuit does not necessarily mean that a choice of law problem exists. "It is fundamental * * that in order for an interstate transaction to create a problem in the conflict of laws there must be some conflict in the laws of the contact states. If all contact states would reach identical results for identical reasons, if the occurrence had been intrastate in character, there is no rational basis upon which a different result can be reached because a state line has been crossed." R. Weintraub, A Method for Solving Conflict Problems —Torts, 48 Cornell L.Q. 215, 235 (1963).

---

[1] The defendant also raised the issue of the expiration of the Statute of Limitations, but failed to pursue this defense in the present motion. See generally, United States v. Gera, 409 F.2d 117 (3d Cir. 1969).

This type of case is a prime example of a "false conflict" rejected in the past by the Pennsylvania Supreme Court, Kuchinic v. McCrory, 422 Pa. 620, 222 A.2d 897 (1966).

■ In the case at bar, the laws of Pennsylvania and Maine are identical in their interpretation of the doctrine of interfamilial immunity. In Pennsylvania, spouses are precluded from maintaining personal injury suits between each other. Daly v. Buterbaugh, 416 Pa. 523, 207 A.2d 412 (1964); Meisel v. Little, 407 Pa. 546, 180 A.2d 772 (1962). Similarly, Maine does not permit such actions. Bedell v. Reagan, 159 Me. 292, 192 A.2d 24 (1963). In addition, Pennsylvania and Maine both preclude suits between an unemancipated minor child and its parent. Parks v. Parks, 390 Pa. 287, 135 A.2d 65 (1957); Downs v. Poulin, (Me.), 216 A.2d 29 (1966). Moreover, Pennsylvania and Maine both rely on the same rationale for their rules. E. g., McSwain v. McSwain, 420 Pa. 86, 215 A.2d 677 (1966) (to prevent "friction between spouses"); Daly v. Buterbaugh, supra (to preserve "domestic peace and felicity"); Parks v. Parks, supra ("to promote family unity and avoid family discord and disturbance, * * * (and) possible collusive action * *."); Bedell v. Reagan, supra (doctrine based upon "the legal unification of husband and wife and the preservation of domestic peace and felicity."); Downs v. Poulin, supra (such suits would be "disruptive of the family peace, destructive of the enforcement of discipline," citing Pennsylvania authority). Thus, we have a situation where both contact States would each for the same reasons bar a suit between John Moore and his children as plaintiffs and Leta Moore as defendant.

■ The law of only one State, however, should be applied in this situation. Since the Pennsylvania Supreme Court has already indicated that controlling weight should be placed upon the law of the State of the domiciliaries of the parties when dealing with the marital relationship,[2] McSwain v. McSwain, supra, we will rely on Maine law for the controlling legal principles in concluding that no tort liability exists on the part of Leta Moore arising from this accident. Consequently, the United States may not recover for the medical expenses of John Moore and the Moore children. United States v. Housing Authority of Bremerton, supra; United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884 (5th Cir. 1967).

It is of no avail to characterize the doctrine of family immunity as a procedural defense as opposed to a substantive defense as United States v. Greene, 266 F. Supp. 976 (N.D.Ill.1967), suggests for, as the Supreme Court has recognized, the "line between 'substance' and 'procedure' shifts as the legal context changes." Hanna v. Plumer, 380 U.S. 460, 471, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965).[3] Likewise, it would violate the plain wording of Section 2651(a) of the Act to hold that the doctrine of family immunity is inapplicable to the present situation simply because this is not a direct suit between husband and wife or parent and child.

The sounder approach is that suggested by the Ninth Circuit in United States v. Housing Authority of Bremerton, supra. In the latter case, the Court focused on the meaning of Section 2651(a) of the Medical Care Recovery Act. The Court stated that "(w)here the injured party is himself negligent, and where under state law that contributory negligence absolves the third person from liability, then the United States cannot recover from that person. This is what the statute must mean, and it is to this situation that the language in Fort Benning and Greene was directed." 415 F.2d at 243. Since

2. From this it is also logical to conclude that Pennsylvania would rely on Maine law, where the children are domiciled, for the controlling principles on parent-child tort liability.

3. The Fifth Circuit Court of Appeals has intimated a similar view in United States v. Fort Benning Rifle and Pistol Club, supra, 387 F.2d at 887.

the defense of interfamily immunity has the same absolving effect on third parties as the defense of contributory negligence, the United States is clearly precluded from any recovery from Leta Moore in this case.

In view of the fact the United States must be denied recovery in this case for the foregoing reasons, there is no need for a detailed consideration of defendant's final argument. Suffice it to state that I perceive no substantial conflict between the Medical and Dental Care Act and the Medical Care Recovery Act or any danger to the morale of servicemen if recovery in this case were permitted.

For all of these reasons, therefore, the motion of defendant for summary judgment will be granted.