**UNITED STATES of America,
Appellant,**

v.

**Leta MOORE.**

**No. 19070.**

United States Court of Appeals,
Third Circuit.

Argued March 18, 1971.

Decided June 17, 1971.

Daniel M. Joseph, Dept. of Justice, Washington, D. C., William D. Ruckelshaus, Asst. Atty. Gen., S. John Cottone, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., for appellant.

Cody H. Brooks, Warren, Hill, Henkelman & McMenamin, Scranton, Pa., for appellee.

Before BIGGS and KALODNER, Circuit Judges, and WHIPPLE, District Judge.

### OPINION OF THE COURT

PER CURIAM:

Our order seeking to put on the record facts as to Mrs. Leta Moore's domicile and the domiciles of the injured members of her family, including her husband, at the time of the filing of the suit at bar and at the date judgment was entered by the District Court, 311 F.Supp. 984, against the appellant, United States, neither expressly nor by implication decides any relevant issue. The order is designed to procure what may prove to be essential information in respect to an issue of conflict of laws, i. e., what law governs the pending suit.[1,2] We do not say that we will apply the law of the domicile of any particular member of the Moore family either at the time the litigation was commenced or at the date judgment was entered by the District Court against the appellant, but we deem ourselves entitled to information as to those domiciles. In seeking this information we in no wise bind ourselves, as suggested by the dissenting opinion, to the law of any particular domicile.

■■■ The dissenting opinion also suggests that since the District Court applied the law of the state of the Moore family domicile at the time of the accident and since neither party challenged in this court the District Court's application of this rule, we should accept this as the binding law of the case. Thus, the dissent implies that, in reaching our decision as to the applicable law, we should blindly apply a rule of law enunciated by the District Court even if this rule is incorrect. This is, indeed, a novel proposition. The function of our court is to decide cases by applying "correct" rules of law to *facts* determined by the District Court. The adoption of the procedure suggested by the dissenting opinion would go far to undermine this function.[3]

1. Mr. and Mrs. Moore both submitted affidavits (which were uncontroverted) stating that they were domiciled in Maine at the time of the accident (July 15, 1965) but moved to Plattsburg, New York in June of 1966. See pages 10a–13a of Appellant's Appendix. Neither affidavit states that they acquired a new domicile in New York or that New York was their domicile on January 15, 1969 —the date suit was brought. The District Court docket shows Mrs. Moore's address as "3334 Harman Circle, Omaha, Nebraska." It should also be noted that the affidavits were sworn to and subscribed in Nebraska on October 1, 1969. Once again, the record is silent as to whether they were domiciled in Nebraska on January 15, 1969. It is also possible that the parties were domiciled in yet a third unknown state on January 15, 1969. However, it appears that Pennsylvania's only connection with the case is that it is the place where the tort occurred. See McSwain v. McSwain, 420 Pa. 6, 215 A.2d 677 (1966), where the Pennsylvania Supreme Court has ruled that an issue concerning interspousal immunity for tortious conduct should be governed by the law of the domicile of the spouses.

2. Contrary to the statement in the dissenting opinion that there is "utterly no precedent" for the application of the law of the state of domicile at the date the action was brought or at the date judgment was entered, we think that such precedent does exist. See Koplik v. C. P. Trucking Corp., 27 N.J. 1, 141 A.2d 34 (1958) ; Emery v. Emery, 45 Cal.2d 421, 289 P.2d 218 (1955); Kjeldsen v. Ballard, 52 Misc.2d 952, 277 N.Y.S.2d 324 (1967). Also see Purcell v. Kapelski, 444 F.2d 380, 383, note 7 (3 Cir. 1971). There is, however, at least one case which is directly contrary, viz., Doiron v. Doiron, 109 N.H. 1, 241 A.2d 372 (1968).

3. Cf. United States v. Gypsum Co., 333 U.S. 364, 387, 68 S.Ct. 525, 92 L.Ed. 2d 746 (1948) ; Hurn v. Oursler, 289 U.S. 238, 240, 53 S.Ct. 586, 77 L.Ed. 1148 (1933) where the Supreme Court felt compelled to state its view as to the correct law where the lower courts had misstated the law. The Court did this even though the issues did not need to be decided in order to dispose of the case. See also United States v. Philadelphia Nat'l Bank, 374 U.S. 321, 350, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963) where an

KALODNER, Circuit Judge (dissenting).

I dissent from this Order because it inescapably implicitly holds that a defendant's domicile *on the day of the filing of an action* is of dispositive significance in deciding an issue based on conflict of laws.

That implicit holding is utterly without precedent and it is here an exercise in futility.

Moreover, the District Court here made the fact finding that the defendant, Leta Moore, her husband and children were domiciled in Maine on July 15, 1965, when the defendant's husband and children were injured while passengers in an automobile negligently operated by defendant on the Pennsylvania Turnpike. The District Court held that both Maine and Pennsylvania apply the doctrine of interfamilial immunity which precludes suits by one spouse against another and of minor children against a parent, and this doctrine has "absolving effect on third parties." The District Court further held that Pennsylvania, under its conflicts rule, would apply the law of the state where the family was domiciled at the time of the accident, viz., Maine. The District Court's finding as to domicile and its holding that Pennsylvania would apply the law of the state of domicile are not challenged on this appeal.

The single critical question presented by the instant appeal is whether the United States, by reason of a state doctrine of interfamilial immunity with respect to tort actions, is barred from recovering from the defendant, pursuant to the provisions of the Medical Care Recovery Act, 42 U.S.C.A. § 2651 et seq., the value of medical care furnished to her husband, an Air Force sergeant, and their children, for injuries occasioned by defendant's negligent operation of an automobile in which they were passengers.

The instant Order does not serve the judicial economy, here or in the Court below.

issue was considered by the Supreme Court even though the contention had been abandoned on appeal before the Court. But see Dick v. New York Life Ins. Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 3 L.Ed.2d 935 (1959) where the Supreme Court refused to decide a choice of law issue which was unnecessary in order to dispose of the case where the two possibly applicable laws were identical. In the instant case we cannot, on the present record, determine whether the possibly applicable laws are identical until we ascertain these possibly applicable laws. This is the only purpose of our order.