**UNITED STATES of America,
Plaintiff,**

v.

**GUSTO DISTRIBUTING CO., Defendant.**

**No. 3014.**

United States District Court,
D. Montana,
Great Falls Division.

Aug. 2, 1971.

U. S. Atty. Eugene A. Lalonde, for plaintiff.

William L. Baillie, Smith, Emmons & Baillie, Great Falls, Mont., for defendant.

## OPINION

RUSSELL E. SMITH, Chief Judge.

This action was brought by the United States under the Medical Care Recovery Act [1] to recover the value of medical services rendered to Jimmy Keys, a United States soldier injured while on leave. The complaint shows that Keys, employed by the defendant, was in the course of his employment when injured by the negligent act of his employer. The employer had elected to be bound [2]

---

1. 42 U.S.C. § 2651(a), which provides in pertinent part that the United States may recover "(i)n any case in which the United States is authorized or required by law to furnish * * * medical * * * care * * * to a person who is injured * * * under circumstances creating a tort liability upon some third person. * * *"

2. The employee is presumed to be bound in the absence of some affirmative election not to be bound. In the unlikely event that the employee here elected not to be bound, the plaintiff may so indicate in an amended complaint.

by the Workmen's Compensation Act. The benefits provided by that act are exclusive. Certainly Keys had no cause of action against the defendant, his employer. As to the United States, was Keys injured under circumstances creating a tort liability 'upon the defendant?

Whether certain facts constitute a defense should, I think, be determined by looking at them and asking whether at the moment of the injury the state law required that those facts be considered in determining the tort liability of the third person. Thus, in this case, it was necessary to consider the employer-employee relationship and the employee's election to be bound by the compensation laws of Montana in order to determine whether the injury gave rise to a tort liability. Considering these facts as a part of the circumstances surrounding the injury, then under the circumstances surrounding the injury there was no tort liability. This technique produces a result in accordance with the case law and avoids some of the difficulties encountered by the use of the terms "substantive",[3] "procedural", and "contractual." [4]

In United States v. Housing Authority of City of Bremerton, 415 F.2d 239 (9th Cir. 1969), the conduct of the victim as it related to his contributory negligence had to be considered under state law to determine the liability of third persons to the victim and was therefore a part of the "circumstances creating the tort liability." Conversely, in the same case, the conduct of the parents did not relate to the liability of the third party to the "person who is injured" and hence was not a part of those "circumstances." In United States v. Greene, 266 F.Supp. 976 (N.D.Ill.1967), the conduct of the victim or the United States in allowing a state statute of limitations to run before filing an action was not at the moment of the injury a part of the "circumstances" surrounding it, nor was the act of the victim in signing a release.

On the other hand, in United States v. Moore, 311 F.Supp. 984 (M.D.Pa.1970), the circumstances of the tort victims' family relationships existing at the time of the injury brought into play the Maine doctrine of interfamilial immunity which negated the tort liability.

It may be that the complaint here seeks to recover the medical benefits which would have been available to Keys had not he been cared for by the United States. I do not reach that problem. Only if the defendant had elected to be covered and was covered under Plan 1 (the self-insurance plan—R.C.M.1947, § 92–901 et seq.) of the Montana Workmen's Compensation Law would there be any possibility of liability as to him. If defendant was self-insured, plaintiff may so allege in an amended complaint.

The motions to dismiss the first and second claims of the complaint are granted. Plaintiff shall have twenty (20) days within which to file an amended complaint if so advised.

---

3. *See* United States v. Fort Benning Rifle and Pistol Club, 387 F.2d 884, 887 (5th Cir. 1967).

4. United States v. Greene, 266 F.Supp. 976 (N.D.Ill.1967).